IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| P & V ENTERPRISES, FRIENDLY VALLEY EQUESTRIAN CONDO VIEW HOMES, INC., and SCC ACQUISITIONS, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 05-01579 (RBW) |
| UNITED STATES ARMY CORPS OF ENGINEERS and LT. GENERAL CARL S. STROCK, COMMANDER AND CHIEF OF ENGINEERS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs (jointly referred to as "P & V") allege that a regulation promulgated by defendants (jointly referred to as "the Corps") is "facially invalid because [it] exceeds the Corps' statutory authority as limited by the Commerce Clause of the Constitution." Complaint at 1 (August 5, 2005) ("Compl."); *see also id*. ¶¶ 42-43. The regulation at issue addresses the Corp's jurisdiction under section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, over certain intrastate waters that "could affect interstate or foreign commerce." 33 C.F.R. § 328.3(a)(3). The regulation was promulgated nineteen years ago. 51 Fed. Reg. 41,206, 41,250 (Nov. 13, 1986).

P & V's claim is barred by sovereign immunity. The complaint fails to identify a specific waiver of sovereign immunity authorizing its claims. P & V does not (and could not) rely on the waiver in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. APA claims are subject to 28 U.S.C. § 2401(a), which requires that all claims against the United States must

commence no later than six years after the cause of action accrues. P & V's claim accrued when the regulation was published in the Federal Register in 1986. Because the limitations period is an element of the APA's waiver of sovereign immunity, the federal courts are without jurisdiction over an untimely claim. Accordingly, the complaint should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

### I. STATUTORY BACKGROUND

The CWA establishes a comprehensive program designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve this goal, the CWA prohibits the discharge of pollutants, including dredged or fill material, into navigable waters unless authorized by a CWA permit. 33 U.S.C. § 1311(a). The Act defines "navigable waters" as "waters of the United States." 33 U.S.C. § 1362(7). The Corps' regulations, in part, define "waters of the United States" to include:

(1) All waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide;

(2) All interstate waters including interstate wetlands;

(3) All other waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds, the use, degradation or destruction of which could affect interstate or foreign commerce including any such waters:

(i) Which are or could be used by interstate or foreign travelers for recreational or other purposes; or

(ii) From which fish or shellfish are or could be taken and sold in interstate or foreign commerce; or

(iii) Which are used or could be used for industrial purpose by

industries in interstate commerce.

33 C.F.R. § 328.3(a).

Section 404 of the CWA authorizes the Corps to regulate discharges of dredged and fill material into waters of the United States. 33 U.S.C. § 1344. The first step in the Corps' administrative process is a determination as to whether the area at issue contains waters, including wetlands, that are subject to the Corps' jurisdiction. The District Engineer is authorized to make the jurisdictional determination in most instances. 33 C.F.R. § 325.9.

The Corps may authorize the discharge of fill material into jurisdictional waters by issuing either individual permits or general permits. *See* 33 U.S.C. § 1344(a), (e). Individual permits are issued on a case-by-case basis after a resource-intensive process that involves extensive site-specific documentation and review, opportunity for public hearing, public interest review, and a formal determination. *See generally* 33 C.F.R. Pts. 323, 325. In conducting a public interest review for an individual permit, the Corps balances "benefits which reasonably may be expected to accrue from the proposal" against the proposal's "reasonably foreseeable detriments." 33 C.F.R. § 320.4(a)(1). Subject to EPA's CWA section 404(b)(1) Guidelines and other applicable criteria, the Corps will grant a permit application "unless the district engineer determines that [to do so] would be contrary to the public interest." 33 C.F.R. § 320.4(a)(1). All permits must contain such special conditions as are necessary to satisfy applicable statutory and public interest requirements. 33 C.F.R. §§ 325.4(a)(1), (c).

**II.    LITIGATION BACKGROUND**

Two of the three plaintiffs, P & V Enterprises and Friendly Valley Equestrian Condo View Homes, own approximately 8,000 acres of land in San Bernardino County, California, (the "Barstow Property"), which they have contracted to sell to the third plaintiff, SAA Acquisitions, Inc. Compl. ¶¶ 3-4. P & V alleges that the Corps' regulation defining jurisdiction over intrastate waters, 33 C.F.R. § 328.3(a), is unconstitutional on its face. Compl. at 1 and ¶¶ 42-43. P & V claims that, unless the Court considers this facial challenge to the allegedly unconstitutional regulation, it will "wrongly be saddled with significant costs, delays, and demands of an otherwise inapplicable regulatory regime." *Id.* at ¶ 35.

P & V does not allege that the Corps has determined that it has jurisdiction over any or all of the Barstow Property. Nor does P & V allege that the Corps has determined that the project planned by P & V at the Barstow Property would require the filling of jurisdictional wetlands, thereby triggering the requirement for a section 404 permit. P & V alleges only that the Corps has asserted jurisdiction over the Mojave River and its tributaries. Compl. ¶ 15. According to P & V, because development of the Barstow Property "will have a direct impact on the tributaries to the Mojave," P & V will have to obtain a section 404 permit before the Project can proceed. *Id*.

**STANDARD OF REVIEW**

Where subject matter jurisdiction does not exist, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiff bears the burden of demonstrating the Court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In order to meet this burden in suits against the United States, the plaintiff must identify an applicable waiver of the United States' sovereign immunity. *United*

*States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In determining whether a waiver is applicable to a particular case, the Court must strictly construe the statutory language in favor of the United States. *Orff v. United States*, 125 S. Ct. 2606, 2610 (2005). "[T]he terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court should inquire whether the Complaint sets forth factual allegations sufficient to establish that it has jurisdiction over the subject matter of the claims for relief. Where the motion to dismiss is a facial challenge based on the allegations in the complaint, "the Court considers the factual allegations of the complaint in the light most favorable to the non-moving party." *Loughlin v. United States*, 230 F. Supp. 2d 26, 35 (D.D.C. 2002) (citations omitted). *See also Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 162 (D.D.C. 2003).[1]

## ARGUMENT

**I.   P & V'S CLAIM IS BARRED BY SOVEREIGN IMMUNITY**

    **A.   The Statutes P & V Relies Upon For Jurisdiction Do Not Waive Sovereign Immunity.**

In order to meet its burden of establishing the jurisdiction of this Court, P & V cites to the Constitution and the "federal question" statute, 28 U.S.C. § 1331. Compl. ¶ 1. P & V further alleges that the Court is authorized to provide the relief requested by the Declaratory Judgment

---

[1] The Corps does not accept P & V's allegations as accurate, but, consistent with the cited decisions, the Corps does not contest the accuracy of these allegations for the limited purpose of this particular motion.

Act, 28 U.S.C. §§ 2201-02.  Compl. ¶ 1.  These allegations are insufficient to establish the waiver of sovereign immunity necessary to establish the Court's jurisdiction.

The federal question statute states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This statute, however, does not waive sovereign immunity.  *Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1385 (5th Cir. 1989).  Likewise, the Declaratory Judgment Act is not a waiver of immunity.  *Goldstein v. Moatz*, 364 F.3d 205, 219 (4th Cir. 2004).  *See also Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("the Declaratory Judgments Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right.") (internal citation omitted).  Thus, P & V has failed to meet the burden to establish subject-matter jurisdiction as required by *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. at 377.  The complaint should be dismissed.

**B.    The Statute of Limitations Precludes Reliance on the APA's Waiver of Sovereign Immunity.**

P & V's complaint does not cite the APA, which the D.C. Circuit has found allows for judicial review of the Corps' final regulatory actions under CWA section 404.  *See National Ass'n of Home Builders v. United States Army Corps of Eng'rs*, 417 F.3d 1272, 1278 (D.C. Cir. 2005).  Even if the complaint had cited the APA, however, P & V's particular claim -- a facial challenge to a federal regulation promulgated nineteen years ago –  would still be barred by sovereign immunity because the statute of limitations established by Congress in 28 U.S.C. § 2401(a) has expired.

Section 2401(a) provides: "[E]very civil action commenced against the United States shall

be barred unless the complaint is filed within six years after the right of action first accrues."

"Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987) (citing *United States v. Mottaz*, 476 U.S. 834, 841 (1986); *Soriano v. United States*, 352 U.S. 270, 276 (1957)). *See Kendall v. Army Bd. for Correction of Military Records*, 996 F.2d 362, 366 (D.C. Cir. 1993); *Alaska Legislative Council v. Babbitt*, 15 F. Supp. 2d 19, 24 (D.D.C. 1998) (facial challenge to statute is barred by 28 U.S.C. § 2401), *aff'd*, 181 F.3d 1333 (D.C. Cir. 1999).[2]

The D.C. Circuit has held that this statute of limitations applies to claims under the APA, which are civil actions against the United States. *Harris v. F.A.A.*, 353 F.3d at 1009-10; *Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 444 (D.C. Cir. 1994). For purposes of the limitations period, an APA claim generally accrues when the agency takes final action. *Sendra Corp. v. Magaw*, 111 F.3d 162, 165 (D.C. Cir. 1997) (citing *Spannaus v. United States*

---

[2]     The D.C. Circuit has recently questioned whether statutes of limitations, including 28 U.S.C. § 2401, should be regarded as jurisdictional in nature. In *Harris v. F.A.A.*, 353 F.3d 1006, 1009-10 (D.C. Cir.), *cert. denied*, 125 S. Ct. 34 (2004), the court asked whether decisions such as *Spannaus* should be reconsidered in light of *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), which held that the limitations period for claims against the federal government under Title VII is subject to equitable tolling. The D.C. Circuit found it was unnecessary to resolve this question, which had not been raised by the parties or the district court because even if the limitations period was not jurisdictional, it was an affirmative defense. Thus, if the case were not dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), dismissal under 12(b)(6) would have been necessary. 353 F.3d at 1310 n.7.

The Corps does not believe that the comment in Harris is sufficient for this Court to reject long-standing precedent such as *Spannaus*. Although *Irwin* allowed for equitable tolling, the Court did reaffirm that the statute of limitations was a element of jurisdiction. 498 U.S. at 94 ("Respondents correctly observe that [the limitation period] is a condition to the waiver of sovereign immunity and thus must be strictly construed."). Accordingly, this Court need not address whether *Spannaus* is still binding precedent.

*Dep't of Justice*, 824 F.2d at 56). Because P & V's claim that the Corps' regulations at issue are unconstitutional accrued when the regulations were published in 1986, the limitations period expired in 1992.[3/] *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997) ("On a facial challenge to a regulation, the limitations period begins to run when the agency publishes the regulation in the Federal Register."); *Com. of Pa. Dept. of Public Welfare v. United States. Dept. of Health and Human Services*, 101 F.3d 939, 945 (3d Cir. 1996) (A claim filed in 1994 for review of regulation promulgated in 1987 is barred by statute of limitations.). *See also Air India v. Brien*, 261 F. Supp. 2d 134, 138 (E.D.N.Y. 2003); *Florida Keys Citizens Coalition Inc. v. West*, 996 F. Supp. 1254, 1256 (S.D. Fla. 1998).

Finally, P & V cannot avoid the preclusive effect of 28 U.S.C. § 2401 because it has asserted a constitutional claim. *Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273, 292 (1983) ("A constitutional claim can become time-barred just as any other claim can."). Accordingly, even if P & V had cited the APA in the complaint, that statute's waiver of sovereign immunity is not applicable.

## CONCLUSION

The complaint filed by P & V should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

> Respectfully submitted,
>
> KELLY A. JOHNSON
> Acting Assistant Attorney General
> Environment and Natural
>  Resources Division

---

[3/]    By law, publication in the Federal Register is deemed to provide notice of the action to all, thereby mooting any debate as to when a particular party first learned of the regulation. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947) (citing 44 U.S.C. § 1507).

/s/ Eileen T. McDonough
EILEEN T. MCDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126
eileen.mcdonough@usdoj.gov

NICHOLAS J. LANDAU
U.S. Army Corps of Engineers
Office of General Counsel

TIFFANY A. TROXEL
U.S. Army Corps of Engineers
Los Angeles District
Office of District Counsel

October 18, 2005