IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
HOMES, INC. and SCC ACQUISITIONS,
INC.,

        Plaintiffs,

  v.

UNITED STATES ARMY CORPS OF
ENGINEERS and LIEUTENANT
GENERAL CARL A. STROCK,
COMMANDER AND CHIEF OF
ENGINEERS,

        Defendants.

Case No. 1:05CV01579 (RBW)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

John A. Hodges (Bar No. 085506)
Eric Andreas (Bar No. 462777)
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C.  20006
Telephone:  202-719-7000
Facsimile:  202-719-7049

ATTORNEYS FOR PLAINTIFFS
P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
HOMES, INC. and SCC ACQUISITIONS, INC.

## TABLE OF CONTENTS

                                                                                      **Page**

I.    PLAINTIFFS' CLAIMS ARE SUBJECT TO A GENERAL WAIVER OF SOVEREIGN IMMUNITY UNDER SECTION 702 OF THE ADMINISTRATIVE PROCEDURE ACT .......................................................................... 3

II.   THE STATUTE OF LIMITATIONS FOUND IN 28 U.S.C. § 2401(a) DOES NOT BAR PLAINTIFFS' CLAIM ................................................................................. 4

        A.    Substantive Challenges to Agency Regulations are Not Subject to the Statute of Limitations in 28 U.S.C. § 2401(a) ....................................................... 5

        B.    The Statute of Limitations Under § 2401(a) is Not Jurisdictional in Nature and Therefore Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) Must Fail ............................................................ 8

III.  ALTERNATIVELY, BECAUSE DEFENDANTS DIRECTLY RECONSIDERED AND REITERATED § 328.3(a)(3) IN 2003, THE STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2401(a) HAS NOT RUN ................................ 9

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Alaska Legislative Council v. Babbitt*, 15 F. Supp. 2d 19 (D.D.C. 1999) ........................6, 8

*Alvarez-Machain v. United States*, 107 F.3d 696 (9th Cir. 1996) ........................................9

*Babbitt v. Sweet Home Chapter of Communities for a Great Or.*, 515 U.S. 687 (1995) ................................................................................................................................5

*Block v. North Dakota*, 461 U.S. 273 (1983) ....................................................................6, 8

*Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765 (9th Cir. 1997) .................................9

*\*Chamber of Commerce v. Reich*, 74 F.3d 1322 (D.C. Cir. 1996) ......................................4

*\*Chung v. Department of Justice*, 333 F.3d 273 (D.C. Cir. 2003) .................................8, 9

*Clark v. Library of Congress*, 750 F.2d 89 (D.C. Cir. 1984) ..............................................3

*Clymore v. United States*, 217 F.3d 370 (5th Cir. 2000) .....................................................9

*De Casenave v. United States*, 991 F.2d 11 (1st Cir. 1993) ................................................9

*Functional Music, Inc. v. FCC*, 274 F.2d 543 (D.C. Cir. 1958) ..........................................6

*\*General Electric Co. v. Whitman*, 257 F. Supp. 2d 8 (D.D.C. 2003), *rev'd,* 360 F.3d 188 (D.C. Cir. 2004) ...............................................................................................7

*Glarner v. United States*, 30 F.3d 697 (6th Cir. 1994) ........................................................9

*\*Graceba Total Communs. v. FCC*, 115 F.3d 1038 (D.C. Cir. 1997) ........................5, 6, 10

*Griffin v. United States Parole Commission*, 192 F.3d 1081 (D.C. Cir. 1999) ...................8

*\*Harris v. F.A.A.*, 353 F.3d 1006 (D.C. Cir. 2004) ..............................................................8

*Hughes v. United States*, 263 F.3d 272 (3rd Cir. 2001) ......................................................9

*Indep. Cmty. Bankers of Am. v. Bd. of Governors of Fed. Reserve Sys.*, 195 F.3d 28 (D.C. Cir. 1999) ............................................................................................................6

*\*Irwin v. Dep't of Veterans' Affairs*, 498 U.S. 89 (1990) .................................................7, 8

*Kendall v. Army Board for Correction of Military Records*, 996 F.2d 362 (D.C. Cir. 1993) .................................................................................................................. 6, 8

*Kramer v. Secretary of Defense*, 39 F. Supp. 2d 54 (D.D.C. 1999) ................................... 4

*Krueger v. Saiki*, 19 F.3d 1285 (8th Cir. 1994) ................................................................ 9

*Leavell v. Kiefter*, 189 F.3d 492 (7th Cir. 1999) ............................................................... 8

*Montana v. Clark*, 749 F.2d 740 (D.C. Cir. 1984) ............................................................ 6

*NLRB Union v. Fed. Labor Relations Auth.*, 834 F.2d 191 (D.C. Cir. 1981) .................... 5

*National Ass'n of Home Builders v. United States Corps of Eng'rs*, 417 F.3d 1272 (D.C. Cir. 2005) ............................................................................................................ 7

*Perez v. United States*, 167 F.3d 913 (5th Cir. 1999) ....................................................... 9

*Public Citizen v. FTC*, 829 F.2d 149 (D.C. Cir. 1987) ..................................................... 4

*\*Public Citizen v. Nuclear Regulatory Commission*, 901 F.2d 147 (D.C. Cir. 1989) ........................................................................................................................ 5, 9

*\*Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159 (2001) .............................................................................. passim

*Soriano v. United States*, 352 U.S. 270 (1957) .............................................................. 6, 8

*Spannus v. United States Department of Justice*, 824 F.2d 52 (D.C. Cir. 1987) ............ 6, 8

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) ................................. 7

*\*Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996) ............................................................. 4

*\*Sweet Home Chapter v. Lujan*, 1992 U.S. Dist. LEXIS 8044, 23 ELR 20314 (D.D.C. 1992) ................................................................................................................ 5

*Vanover v. Hantman*, 77 F. Supp. 2d 91 (D.D.C. 1999) .................................................... 3

*United States v. Lopez*, 514 U.S. 549 (1995). .................................................................... 1

*\*United States v. Wilson*, 133 F.3d 251 (4th Cir. 1997) ........................................... 1, 2, 11

## FEDERAL STATUTES AND REGULATIONS

33 C.F.R. § 328.3(a)(3) ................................................................................................ *passim*

The Clean Water Act Regulatory Definition of "Waters of the United States,"
    Advance Notice of Proposed Rulemaking, 68 Fed. Reg. 1991 (Jan. 15, 2003) ....10, 11

5 U.S.C. § 702 ................................................................................................................3, 4

28 U.S.C. § 1331 ............................................................................................................3, 7

28 U.S.C. § 2401(a) ..................................................................................................... *passim*

28 U.S.C. § 2501 ................................................................................................................6

33 U.S.C. §§ 1311, 1319(b) ..............................................................................................2

33 U.S.C. § 1319(c)(2) ......................................................................................................2

**INTRODUCTION**

P & V Enterprises, Friendly Valley Equestrian Condo View Homes, Inc., and SCC Acquisitions, Inc. (Plaintiffs) have filed this action against the United States Army Corps of Engineers and Lieutenant General Carl A. Strock, Commander and Chief of Engineers (the Corps). This action for declaratory judgment and other relief is a facial challenge to the Corps' regulations at 33 C.F.R. § 328.3(a)(3).[1]

The Corps' regulations at § 328.3(a)(3) violate both the Supreme Court's determination in *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159, 173 (2001) (*SWANCC*) that the navigability requirement <u>cannot</u> be read out of the Clean Water Act (CWA) by the Corps' regulations, and that there must be a substantial effect on interstate commerce for federal jurisdiction to exist, *see United States v. Lopez*, 514 U.S. 549, 559-60 (1995). (Compl. ¶ 11.) Thus, they exceed the Corps' statutory authority as limited by the Commerce Clause of the Constitution. *See United States v. Wilson*, 133 F.3d 251, 257 (4th Cir. 1997) (invalidating 33 C.F.R. § 328.3(a)(3) within the Fourth Circuit on basis that the regulation exceeds the Corps' statutory authority as limited by Commerce Clause).

Plaintiffs are a buyer and sellers of property that is located in close proximity to the Mojave River near Barstow, California (Barstow Project). The Mojave is an isolated, non-

---

[1] 33 C.F.R. § 328.3(a)(3) defines "Waters of the United States" to include:

> All other waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds, the use, degradation or destruction of which could affect interstate or foreign commerce including any such waters:
>
> (i) Which are or could be used by interstate or foreign travelers for recreational or other purposes; or
>
> (ii) From which fish or shellfish are or could be taken and sold in interstate or foreign commerce; or
>
> (iii) Which are used or could be used for industrial purpose by industries in interstate commerce.

navigable, intrastate river located entirely within the county of San Bernardino, California. (Compl. ¶¶ 3-4.) It is not a typical river in that its surface is normally dry most of the year and consists primarily of only intermittent and ephemeral surface water flow. (Compl. ¶ 18.)

Around the Barstow area, surface water flow in the Mojave occurs only during storm events. The remaining time, the river channel is dry. In 1999, for example, data from the United States Geological Survey for 1999 showed that the annual mean flow for the Mojave at Barstow was 0.000 cubic feet per second. (Compl. ¶ 19.)

Because the Mojave River has only intermittent and ephemeral flow along nearly its entire course, it is non-navigable in fact. There is also no substantial interstate commerce connection: there is no recreational boating that occurs along the Mojave itself, and there are no recreational fishing or commercial fishery operations on it. (Compl. ¶ 20.)

Nevertheless, the Corps has communicated to Plaintiffs that it is asserting jurisdiction over the entire length of the Mojave River. (Compl. ¶ 25.) This despite the fact that § 328.3(a)(3) has already been invalidated by the Fourth Circuit in *Wilson* and called into question by *SWANCC*.

Section 301(a) of the CWA makes it illegal to discharge fill material into a "water of the United States" without a permit issued by the Corps, and discharge of fill material without a permit can result in severe civil and criminal penalties. *See* 33 U.S.C. §§ 1311, 1319(b), (c); *see also* Compl. ¶¶ 12, 14. For example, knowing violations can result in up to six years in prison in addition to a fine of $100,000 per day of violation. *See* CWA § 309(c)(2), 33 U.S.C. § 1319(c)(2); *see also* Compl. ¶ 14.

Plaintiffs thus are faced with a classic Hobson's choice: Either be subject to an unlawful assertion of jurisdiction by the Corps and wrongly be saddled with significant costs, delays, and

demands of a facially invalid regulatory regime, or proceed with developing the Barstow Project without a permit from the Corps and risk severe civil and criminal penalties.  (Compl. ¶ 34.)

## ARGUMENT

I. **PLAINTIFFS' CLAIMS ARE SUBJECT TO A GENERAL WAIVER OF SOVEREIGN IMMUNITY UNDER SECTION 702 OF THE ADMINISTRATIVE PROCEDURE ACT**

Defendants' first argument that 28 U.S.C. § 1331 does not provide for a waiver of sovereign immunity fails to acknowledge the rule in this Court and in the Circuit Court of Appeals that the Administrative Procedure Act's (APA) general waiver of sovereign immunity under § 702 (for claims seeking non-monetary relief against an agency for failing to act under color of legal authority)[2] applies regardless of whether the suit is brought under the APA or not. *See* 5 U.S.C. § 702; *Vanover v. Hantman*, 77 F. Supp. 2d 91, 99 (D.D.C. 1999) ("The APA waives the immunity of United States agencies and officers to actions for relief other than damages. 5 U.S.C. § 702."), *aff'd mem.*, 38 Fed. Appx. 4 (D.C. Cir. 2002); *Clark v. Library of Congress*, 750 F.2d 89, 102 (D.C. Cir. 1984) ("With respect to claims for non-monetary relief, the 1976 amendments to § 702 of the [APA] . . . eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a U.S. agency or officer acting in an official capacity.") (citations omitted).

---

[2] Section 702 of the APA provides in part:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.

As further stated in *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996) – upon which Defendant's rely[3] – "[i]t is not necessary that the suit be brought under the APA for section 702's waiver to apply." *Id.* at 981 n.4; *see also Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) ("The APA's waiver of sovereign immunity applies to any suit whether under the APA or not."); *Kramer v. Secretary of Defense*, 39 F. Supp. 2d 54, 60 (D.D.C. 1999) ("It is not necessary that the suit be brought under the APA for the § 702 waiver to apply.") (citing *Swan v. Clinton*).

There is no question that the claim brought by Plaintiffs that the Corps' regulations are facially invalid fits precisely under § 702's general waiver language. Plaintiffs are seeking non-monetary relief claiming that the Corps' regulations at 33 C.F.R. § 328.3(a)(3) are facially invalid. *Cf. Public Citizen v. FTC*, 829 F.2d 149, 150 (D.C. Cir. 1987) (*per curiam*) (applying § 702 to review of agency regulations). Thus, § 702's waiver applies and Plaintiffs' claims are not barred by sovereign immunity.

II. **THE STATUTE OF LIMITATIONS FOUND IN 28 U.S.C. § 2401(a) DOES NOT BAR PLAINTIFFS' CLAIM**

Defendants' motion also must fail because: (1) the statute of limitations in 28 U.S.C. § 2401(a) does not apply to substantive challenges to the facial validity of a regulation, like the one in the present case; and (2) § 2401(a) is not jurisdictional in nature, and thus Defendants' allegation that the Court lacks subject matter jurisdiction is inapplicable.

---

[3] Defendants also rely on *Swan* but fail to acknowledge the general rule stated by the Court of Appeals in footnote 4 of its opinion that the APA § 702's general waiver of sovereign immunity applies in cases like the one at hand. *See* Defs.' Mot. at 6.

**A.     Substantive Challenges to Agency Regulations are Not Subject to the Statute of Limitations in 28 U.S.C. § 2401(a)**

This Court has already decided in a case directly on point that the six-year statute of limitations under 28 U.S.C. § 2401(a) does not apply to substantive challenges – like the one here – that are brought against agency regulations. *See Sweet Home Chapter v. Lujan*, 1992 U.S. Dist. LEXIS 8044, 23 ELR 20314 (D.D.C. May 29, 1992).

In *Sweet Home*, this issue was put squarely before the Court. The plaintiffs in *Sweet Home* brought a facial challenge (like the one in the present case) against Department of the Interior's Endangered Species Act regulations. *See Sweet Home,* at *2.[4] After having found that the D.C. Circuit had never squarely addressed the issue (which it still has not), Judge Norma Holloway Johnson found ample authority in D.C. Circuit Court opinions supporting her conclusion that the six-year statute of limitations in § 2401(a) does not apply to substantive challenges to agency regulations. *See Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152 n.1 (D.C. Cir. 1990) (contrasting procedural challenges to agency action under the Hobbs Act, which must be brought within the statutory review period, with substantive challenges to such actions, which have no time-bar restriction); *NLRB Union v. Fed. Labor Relations Auth.*, 834 F.2d 191, 195 (D.C. Cir. 1987) (holding that "a party who possesses standing may challenge regulations directly on the ground that the issuing agency acted in excess of its statutory authority in promulgating them").

Decisions following *Sweet Home* and other earlier decisions by the D.C. Circuit have only served to strengthen Judge Norma Holloway Johnson's decision in that case. *See Graceba Total Commc'ns. v. FCC*, 115 F.3d 1038, 1040 (D.C. Cir. 1997) ("limiting review of a rule to the

---

[4] The *Sweet Home* case was eventually decided by the Supreme Court without appeal by the government on the District Court's decision that the statute of limitations did not apply. *See Babbitt v. Sweet Home Chapter*, 515 U.S. 687 (1995).

period immediately following rulemaking 'would effectively deny many parties ultimately affected by a rule an opportunity to question its validity.'") (citations omitted); *Indep. Cmty. Bankers of Am. v. Bd. of Governors of Fed. Reserve Sys.*, 195 F.3d 28, 34 (D.C. Cir. 1999) (citing *Graceba*); *see also Montana v. Clark*, 749 F.2d 740, 744 n.8 (D.C. Cir. 1984) ("Where . . . petitioner challenges the substantive validity of a rule, failure to exercise a prior opportunity to challenge the regulation ordinarily will not preclude review."); *Functional Music, Inc. v. FCC*, 274 F.2d 543, 546 (D.C. Cir. 1958) ("rules and regulations are capable of continuing application; limiting the right of review of the underlying rule would effectively deny many parties ultimately affected by a rule an opportunity to question its validity.").

Also, the cases cited by Defendants are not on point and can be easily distinguished, or are no longer valid. *Spannus v. United States Department of Justice*, 824 F.2d 52 (D.C. Cir. 1987), did not involve a facial challenge to agency regulations, but instead was a suit under the Freedom of Information Act to compel the release of certain information from the FBI. *See id*. at 54. Likewise, *Soriano v. United States*, 352 U.S. 270 (1957), did not involve a facial challenge, but instead addressed the jurisdiction of the Court of Claims under 28 U.S.C. § 2501 in a claim for monetary damages against the government. *See id*. at 271-73. *Kendall v. Army Bd.*, 996 F.2d 362 (D.C. Cir. 1993), also did not involve with a facial challenge, but concerned the review of court marital proceedings. *See id*. at 363.

As further described below, *Spannus*, *Soriano*, *Kendall*, as well as *Alaska Legislative Council v. Babbitt*, 15 F. Supp. 2d 19 (D.D.C.), *aff'd*, 181 F.3d 1333 (D.C. Cir. 1999), and *Block v. North Dakota*, 461 U.S. 273 (1983), on which Defendants' rely for their assertion that the statute of limitations in § 2401(a) is jurisdictional have all been effectively overruled by the

Supreme Court's decision in *Irwin v. Dept. of Veterans' Affairs*, 498 U.S. 89, 94-95 (1990).  *See infra* at n.7.

Defendants are also incorrect in alleging that Plaintiffs' facial challenge should have been brought under the APA.  *See* Defs.' Mot. at 6.  The case they cite in support of this contention, *National Ass'n of Home Builders v. United States Corps of Engineers*, 417 F.3d 1272 (D.C. Cir. 2005), was not based on a facial challenge to the Corps' regulations, but instead addressed final agency action by the Corps in issuing certain Nationwide Permits under Section 404(e) of the CWA.  *See id*. at 1274.

A salient example of a facial challenge not brought under the APA, and on which the Court should rely, is *General Electric Co. v. Whitman*, 257 F. Supp. 2d 8 (D.D.C. 2003), *rev'd,* 360 F.3d 188 (D.C. Cir. 2004).  In that case, as here, the plaintiff (GE) brought a facial challenge under 28 U.S.C. § 1331, and not under the APA, alleging that sections of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") were unconstitutional. *See General Electric*, 257 F. Supp. 2d at 16.  The District Court initially dismissed for lack of subject matter jurisdiction under CERCLA § 113(h).  *See id*. at 31.  The Court of Appeals reversed.  It held that the court had subject matter jurisdiction, did not reject GE's basis for bringing the suit under § 1331[5], and remanded the case to the district court "to address the merits of GE's facial due process claim." 360 F.3d at 194.  Likewise, the Court should reach the merits here.[6]

---

[5]  The Court of Appeals would have satisfied itself on this point sua sponte.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.") (citations omitted).

[6]  It is also significant to note that GE brought its initial complaint twenty years after the CERCLA was enacted.

**B.     The Statute of Limitations Under § 2401(a) is Not Jurisdictional in Nature and Therefore Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) Must Fail**

Because the case law in the Supreme Court and in the Circuit Court has held that statutes of limitations, like § 2401(a), are not jurisdictional in nature, Defendants' Motion to Dismiss under Rule 12 (b)(1) alleging a lack of subject matter jurisdiction must fail.

In *Irwin v. Department of Veterans' Affairs*, 498 U.S. 89 (1990), the Supreme Court held that a statute of limitations does not affect the district court's jurisdiction. *See id.* at 95-96; *see also Leavell v. Kiefter*, 189 F.3d 492, 495 (7th Cir. 1999) (holding in light of *Irwin* that statute of limitations is non-jurisdictional). Recent case law in the D.C. Circuit following *Irwin* has also directly challenged the idea that statutes of limitation are jurisdictional by nature. *See Chung v. Dep't of Justice*, 333 F.3d 273, 277 (D.C. Cir. 2003); *Harris v. F.A.A.*, 353 F.3d 1006, 1013 n.7 (D.C. Cir. 2004), *cert. denied*, 125 S. Ct. 34 (2004).[7]

In *Chung*, the D.C. Circuit Court of Appeals rejected the jurisdictional nature of the Privacy Act statute of limitations in light of the Supreme Court's decision in *Irwin*. Moreover, the Court of Appeals in *Chung* overruled its decision in *Griffin v. United States Parole Comm'n*, 192 F.3d 1081 (D.C. Cir. 1999), because it had failed to take *Irwin* into account when it erroneously decided in *Griffin* that the statute of limitations in the Privacy Act was jurisdictional. *See Chung*, 333 F.3d at 278.

In addition to the Seventh Circuit holding in *Keifer* that statutes of limitations are generally non-jurisdictional, other circuit courts have specifically held that § 2401(a) is not

---

[7] Notably, the Supreme Court in *Irwin* directly overruled its decision in *Soriano*, 352 U.S. 270 (1957), which had held that statutes of limitations were jurisdictional. *Irwin*, 498 U.S. at 95, 98-99 (White, J., concurring) (*Soriano* directly overruled by Court's decision). The cases that Defendants rely on, *Spannus*, *Kendall*, *Block*, *Alaska Legislative Council* (which relies on *Block*), all in turn rely on *Soriano* as a basis for asserting that § 2401(a) is jurisdictional. But because *Soriano* has been overruled, these cases are no longer valid authority.

jurisdictional. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997) (holding that § 2401(a) is not jurisdictional); *Clymore v. United States*, 217 F.3d 370, 374-75 (5th Cir. 2000). And in the far more prevalent context of § 2401(b), numerous courts have found that that section to be non-jurisdictional. *See Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001) (holding that the statute of limitations in § 2401(b) applying to the Federal Tort Claims Act is not jurisdictional); *Perez v. United States*, 167 F.3d 913, 916-17 (5th Cir. 1999); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996); *Glarner v. United States Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994); *Krueger v. Saiki*, 19 F.3d 1285, 1286 (8th Cir. 1994) (*per curiam*); *De Casenave v. United States*, 991 F.2d 11, 13 (1st Cir. 1993).

**III.   ALTERNATIVELY, BECAUSE DEFENDANTS DIRECTLY RECONSIDERED AND REITERATED § 328.3(a)(3) IN 2003, THE STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2401(a) HAS NOT RUN**

As laid out above, the statute of limitations in § 2401(a) is not applicable to Plaintiffs' facial challenge to the Corps regulations. Nevertheless, if the Court finds that § 2401(a) is applicable, the six-year period has not run on Plaintiffs' claim because the clock was reset in 2003 by the Corps' reopening the rule to comment and reiterating its position with regard to its applicability.

It is the rule in this Circuit that statutory and constitutional challenges are allowed following agency reconsideration or reiteration of a rule. *See Public Citizen,* 901 F.2d at 151-153; *Graceba*, 115 F.3d at 1040.[8] In *Public Citizen*, the Court of Appeals held that a substantive challenge to a Nuclear Regulatory Commission (NRC) policy statement was timely because the

---

[8] These and other decisions by the Court of Appeals cited herein also make clear that Defendants' argument that the statute of limitations begins to run from the date the regulations were promulgated applies only to procedural challenges. *See e.g., Public Citizen*, 901 F.2d at 152 n.1; *see also* supra at 6.

NRC had reopened its policy by publishing a later notice in the Federal Register reexamining and reaffirming it. *See* 901 F.2d at 151. The Court of Appeals held the rule to be that:

> If in proposing a rule, the agency uses language that can reasonably be read as an invitation to comment on portions the agency does not explicitly propose to change, or if in responding to comments the agency uses language that shows that it did in fact reconsider an issue, a renewed challenge to the underlying rule or policy will be allowed.
>
> * * *
>
> We believe the law to be that where an agency reiterates a rule or policy in such a way as to render the rule or policy subject to renewed challenge on any substantive grounds, a coordinate challenge that the rule or policy is contrary to law will not be held untimely because of a limited statutory review period.

*Id.* at 150, 152-153.

As a result of the Supreme Court's decision in *SWANCC*, the Corps opened up § 328.3(a)(3) to comment and changes in 2003 through an Advance Notice of Proposed Rulemaking with which it published concurrent guidance regarding how § 328.3(a)(3) should be implemented in the meantime. *See* The Clean Water Act Regulatory Definition of "Waters of the United States," Advance Notice of Proposed Rulemaking, 68 Fed. Reg. 1991 (Jan. 15, 2003) (ANPRM).[9]

In the ANPRM, the Corps reconsidered and sought comment on the following issues, which are directly relevant to this case:

> (1) Whether, and, if so, under what circumstances, the factors listed in 33 CFR 328.3(a)(3)(i)–(iii) (i.e., use of the water by interstate or foreign travelers for recreational or other purposes, the presence of fish or shellfish that could be taken and sold in interstate commerce, the use of the water for industrial purposes by industries in interstate commerce) or any other factors provide a basis for determining CWA jurisdiction over isolated, intrastate, non-navigable waters?
>
> (2) Whether the regulations should define ''isolated waters,'' and if so, what factors should be considered in determining whether a water is or is not isolated for jurisdictional purposes?

---

[9] A true and correct copy of the ANPRM is appended hereto as Attachment A.

68 Fed. Reg. at 1994.

Moreover, in Appendix A of the ANPRM, the Corps published joint guidance with the EPA clarifying how the agencies should apply § 328.3(a)(3) in light of the Supreme Court's decision in *SWANCC*. *See* 68 Fed. Reg. at 1995, App. A (Guidance). In the Guidance, the Corps reconsidered the scope of its jurisdiction under § 328.3(a)(3) and reiterated and reaffirmed that the regulations would still be applied despite recognizing their infirmity:

> [I]n light of *SWANCC*, it is uncertain whether there remains any basis for jurisdiction under the other rationales of § 328.3(a)(3)(i)–(iii) over isolated, nonnavigable, intrastate waters (i.e., use of the water by interstate or foreign travelers for recreational or other purposes; the presence of fish or shellfish that could be taken and sold in interstate commerce; use of the water for industrial purposes by industries in interstate commerce). Furthermore, within the states comprising the Fourth Circuit, CWA jurisdiction under 33 CFR § 328.3(a)(3) in its entirety has been precluded since 1997 by the Fourth Circuit's ruling in *United States v. Wilson*, 133 F. 3d 251, 257 (4th Cir. 1997) (invalidating 33 CFR § 328.3(a)(3)). In view of *SWANCC*, neither agency will assert CWA jurisdiction over isolated waters that are both intrastate and non-navigable, where the sole basis available for asserting CWA jurisdiction rests on any of the factors listed in the ''Migratory Bird Rule.'' In addition, in view of the uncertainties after *SWANCC* concerning jurisdiction over isolated waters that are both intrastate and non-navigable based on other grounds listed in 33 CFR § 328.3(a)(3)(i)–(iii), field staff should seek formal project-specific Headquarters approval prior to asserting jurisdiction over such waters, including permitting and enforcement actions.

*Id*. at 1996.

On December 16, 2003, the Corps announced that it would not issue a new rule on federal jurisdiction over isolated waters and "reiterated" its commitment to the scope of the present regulations. *See* http://www.hq.usace.army.mil/cepa/releases/swancc12-03.htm.[10] Thus, because the Corps reopened § 328.3(a)(3) in the 2003 ANPRM and Guidance by reconsidering the rule in light of SWANCC, seeking comment on whether and under what circumstances they

---

[10] A true and correct copy of the Corps' December 16, 2003 announcement is appended hereto as Attachment B.

-11-

provide a basis for asserting jurisdiction, and reiterating its position on the present applicability of the regulations in both the 2003 ANPRM and in its December 16, 2003 announcement, the statute of limitations (if even applicable) did not begin to run against Plaintiffs until such time and thus has not expired.

## CONCLUSION

For the foregoing reasons, the Corps' motion to dismiss should be denied.

Respectfully submitted,

 /s/ *John A. Hodges*
John A. Hodges (Bar No. 085506)
Eric Andreas (Bar No. 462777)
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C.  20006
Telephone:  202-719-7000
Facsimile:  202-719-7049


ATTORNEYS FOR PLAINTIFFS
P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
 HOMES, INC. and SCC ACQUISITIONS, INC.

October 31, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was filed by Electronic Case Filing this 31st day of October, 2005.

/s/ *Eric Andreas*