IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
P & V ENTERPRISES, FRIENDLY                        )
VALLEY EQUESTRIAN CONDO                            )
VIEW HOMES, INC., and SCC                          )
ACQUISITIONS, INC.,                               )
                                                    )
  Plaintiffs,                                 )
                                                    )
 v.                                             )  Case No.: 05-01579 (RBW)
                                                    )
UNITED STATES ARMY CORPS OF                        )
ENGINEERS and LT. GENERAL CARL                    )
S. STROCK, COMMANDER AND                          )
CHIEF OF ENGINEERS,                               )
                                                    )
  Defendants.                                )
_____)

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

  Plaintiffs (jointly referred to as "P & V") allege that a regulation promulgated by

defendants (jointly referred to as "the Corps") is "facially invalid because [it] exceeds the Corps'

statutory authority as limited by the Commerce Clause of the Constitution."  Complaint at 1

(August 5, 2005) ("Compl."); *see also id.* ¶¶ 42-43.  The regulation at issue addresses the Corp's

jurisdiction under section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, over certain

intrastate waters that "could affect interstate or foreign commerce."  33 C.F.R. § 328.3(a)(3).

The regulation was promulgated nineteen years ago.  51 Fed. Reg. 41,206, 41,250  (Nov. 13,

1986) ("1986 Regulation").

  As explained in the Corps' Memorandum in Support of Motion to Dismiss (Oct. 18, 2005)

("Corps Memo"), 28 U.S.C § 2401(a) requires that all claims against the United States must

commence no later than six years after the cause of action accrues.  Because this time period has

long since elapsed, P & V's facial challenge to the 1986 Regulation is barred.[1/]

## SUMMARY OF ARGUMENT

In opposing the Corps' motion to dismiss, P & V advances four arguments.  First, P & V

claims that the D.C. Circuit precedent establishing that 28 U.S.C. § 2401(a) is an element of

jurisdiction was overturned by *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96

(1990).  This argument is insufficient to avoid dismissal.  *Irwin* held that a statute of limitations

applicable to a claim against the government was subject to equitable tolling.  The D.C. Circuit

later explained in *Harris v. FAA* that the only consequence of *Irwin*'s suggestion that statute of

limitations on claims against the government may not be jurisdictional would be to change the

basis for dismissal from Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction) to Rule

12(b)(6) (failure to state a claim upon which relief can be granted).  353 F.3d 1006, 1013 n.7

(D.C. Cir.); *see also* Corps Memo at 7 n.2.  *Irwin* does not allow  the filing of a complaint outside

the limitations period where, as in this case, the plaintiff has not advanced any grounds for

equitable tolling.

Second, P & V asserts that section 2401 applies only to claims for judicial review under

the APA,  5 U.S.C. §§ 704, 706.  P & V insists that it is *not* bringing a claim under the APA, but

---

[1/]    P & V has repeatedly asserted that its claim is a facial challenge to the regulation, as
opposed to a challenge to a particular application of the regulation.  Compl. ¶¶ 1, 42-43; P & V
Opposition to Defendants' Motion to Dismiss (Oct. 31, 2004) ("Opp.") at 1, 4, 7, and 9.  P & V
has not applied for a site-specific determination by the Corps as to whether its property is subject
to federal jurisdiction under CWA section 404 in accord with the procedures set out in 33 C.F.R.
§320.1(a)(6) and 33 C.F.R. Part 331.  If P & V followed the administrative process, but was
dissatisfied with the outcome, P & V would have six years in which to seek review of the Corps'
action.  In such litigation, P & V can seek review of the substance of the regulation as applied to
their property.  *See infra* at 4 n.5.

is instead proceeding under the federal question statute, 28 U.S.C. § 1331. According to P & V, the requisite waiver of immunity is supplied by 5 U.S.C. § 702. P & V correctly notes that, although section 702 is part of the APA, the D.C. Circuit has held that it can provide a waiver of sovereign immunity in some in non-APA cases as well. P & V suggests that it can secure judicial review of its claim premised on sections 1331 and 702, without relying on any other provision of the APA and so without falling subject to the limitations period of section 2401(a). This argument fails on two grounds. First, a claim based on federal question jurisdiction and section 702 is still a civil action against the United States and therefore subject to the limitations period imposed by section 2401. Second, P & V fails to establish that its claim is anything other than a routine claim for judicial review of final agency action pursuant to the APA, 5 U.S.C. §§ 704, 706, and to judicial precedent holding that APA claims must be brought within the limitations period of section 2401.

Third, P & V suggests that facial challenges to federal regulations are excluded from the scope of 28 U.S.C. 2401(a). The statutory language lends no support to this theory and the only case support cited by P & V is contrary to the D.C. Circuit decisions relied upon in that opinion.

Finally, P & V claims that the Corps reopened the limitations period by taking certain steps less than six years before the complaint was filed. A review of the D.C. Circuit case law on the reopener doctrine readily establishes that P & V's argument lacks merit. The period for judicial review is reopened only where, in taking reviewable final action, the agency has undertaken a serious and substantive reconsideration of the rule at issue. The Corps has not undertaken such action with respect to the 1986 Regulation.

**ARGUMENT**

I.    **SECTION 2401(a) REQUIRES DISMISSAL, WHETHER FOR FAILURE TO STATE A CLAIM OR FOR LACK OF SUBJECT MATTER JURISDICTION**

In moving to dismiss the instant case, the Corps argued that the claim was barred by sovereign immunity because the limitations period is an integral part of the waiver of sovereign immunity, and thus an untimely complaint is outside the Court's jurisdiction.  Corps Memo at 6-8.  In response, P & V urges the Court to find that *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), overturned the D.C. Circuit precedent establishing that section 2401(a) is a jurisdictional requirement.  Opp. at 8-9.  In P & V's view, *Irwin* compels the conclusion that P & V is entitled to review on the merits of its claim.

P & V, however, overreads *Irwin*, which held only that the limitations period in the Civil Rights Act, 42 U.S.C. § 2000e-16(c), was not jurisdictional and found that plaintiff could attempt to invoke the "rule of equitable tolling."  498 U.S. at 95-96.  Equitable tolling "allows a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim."  *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1998).  Importantly, *Irwin* does not alter the fundamental requirement that an action must be timely filed.  Indeed, because Irwin failed to establish any equitable grounds for tolling, the Court affirmed dismissal of his action as time-barred.

P & V also fails to address the D.C. Circuit's opinion in *Harris v. FAA*, where the court noted that *Irwin* may well have overturned the precedent that section 2401(a) is jurisdictional in nature.  The Harris court nonetheless affirmed dismissal of the untimely action, noting that the only consequence of resolving the impact of *Irwin* would be to change the basis for dismissal

from Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction) to Rule 12(b)(6) (failure to state a claim upon which relief can be granted).  353 F.3d at 1013 n.7; *see also* Corps Memo at 7 n.2.

Thus, given that P & V does not suggest any basis for equitable tolling, *Irwin* does not support the continuation of its claim.  At best for P & V, *Irwin* would require the Court here to decide whether the basis for dismissal of P & V's untimely claim should be lack of subject-matter jurisdiction or failure to state a claim upon which relief can be granted.

## II.    P & V'S EFFORT TO AVOID THE LIMITATIONS PERIOD BY INVOKING "NONSTATUTORY" REVIEW MUST BE REJECTED

P & V asserts that it can bring a claim outside the strictures of the APA provisions expressly providing a cause of action for judicial review of final agency action, 5 U.S.C. §§ 704, 706, and the limitations period of section 2401(a) because its claim is not premised on the judicial review provisions of the APA, but on the federal question provision, 28 U.S.C. § 1331, and the waiver of immunity provided by 5 U.S.C. § 702.[2]  Opp. at 3-4.  Although section 702 is part of

---

[2]    This provision states:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702.

the APA, the D.C. Circuit has recognized that it can waive immunity from judicial review for some non-APA claims as well. *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) ("APA's waiver of sovereign immunity applies to any suit whether under the APA or not.").

P & V's attempt to save its claim fails, however, for two reasons. First, such a claim is still a "civil action commenced against the United States" and so is subject to the limitations period of 28 U.S.C. § 2401(a). Second, because Congress provided a cause of action for review of agency regulations in 5 U.S.C.§§ 704, 706 (when the claim is timely filed), P & V cannot proceed under sections 1331 and 702 alone. There are a limited number of cases in which the D.C. Circuit has allowed judicial review on the basis cited by P & V. The court refers to such review as "nonstatutory review," which the court has characterized as "a confusing misnomer." *Five Flags Pipe Line Co. v. Dept. of Transp.*, 854 F.2d 1438, 1439 (D.C. Cir. 1988) (internal citation omitted). The court explained that a party may obtain judicial review of agency action "in federal district court pursuant to the general 'federal question' jurisdiction of that court," but limited such review to cases where "Congress makes no specific choice [of forum for judicial review] in the statute pursuant to which the agency action is taken, or in another statute applicable to it." *Id*. Where Congress has provided a means for judicial review, so-called nonstatutory review is not available.

For example, in *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996), the court addressed a challenge to regulations premised on an Executive Order, a presidential action that is outside the scope of the APA. In finding that nonstatutory review could proceed, the court explained that such review may be available "[i]f a plaintiff is unable to bring his case predicated on either a specific or a general statutory review provision." *Id*. at 1327. *See also Board of*

*Governors of Fed. Reserve Sys. v. MCorp Financial, Inc.*, 502 U.S. 32, 43-44 (1991) (nonstatutory review of alleged *ultra vires* activity by federal official unavailable where the Financial Institutions Supervisory Act "expressly provides MCorp with a meaningful and adequate opportunity for judicial review of the validity of the . . . regulation"); *Rhode Island Dept. of Environmental Management v. United States*, 304 F.3d 31, 42-44 (1st Cir. 2002) (allowed nonstatutory review after finding no statute provided cause of action for a state "to vindicate its claim of sovereign immunity with respect to an administrative proceeding where there is no final reviewable order from the agency."); *see also Lepre v. Dep't of Labor*, 275 F.3d 59, 72 (D.C. Cir. 2001).

P & V, however, cannot invoke this narrow nonstatutory review doctrine because Congress explicitly provided for review of P & V's claims here – *e.g.*, that an agency regulation is inconsistent with law -- in 5 U.S.C. §§ 704 and 706. Therefore, P & V cannot proceed based solely upon the federal question provision and section 702.

P & V seeks to justify its reliance on nonstatutory review by citing to *General Electric Co. v. Whitman*, 257 F. Supp. 2d 8 (D.D.C. 2003), *rev'd*, 360 F.3d 188 (D.C. Cir. 2004). That opinion dismissed a facial constitutional challenge to a statute on jurisdictional grounds not relevant to this case (i.e., that the claim was barred by 42 U.S.C. § 9613(h). The questions of whether General Electric had or could invoke nonstatutory review or was subject to section 2401(a) were not raised by the parties or addressed by the courts. The Supreme Court has characterized cases where jurisdiction is assumed without express discussion as "drive-by" decisions and held that

such decisions are without any precedential effect. *Steel Co. v. Citizens for a Better Env't,* 523

U.S. 83, 91 (1998). Accordingly, *General Electric* lends no support to P & V's claims.[3]

In sum, P & V's failure to pursue timely relief under the APA does not entitle it to invoke

nonstatutory review.[4] A contrary holding would negate all limitations and other restrictions that

Congress has imposed on statutes providing for judicial review of agency action. Thus, P & V's

claim for nonstatutory review must be rejected.

## III.    28 U.S.C. 2401(a) DOES NOT EXCLUDE FACIAL CHALLENGES FROM THE SIX YEAR STATUTE OF LIMITATIONS

P & V argues that section 2401(a)'s statute of limitations does not apply to claims alleging

substantive, rather than procedural, defects in a regulation. Opp. at 5-7. P & V does not,

however, explain how this distinction can be justified in light of the plain language of the statute:

> Except as provided by the Contract Disputes Act of 1978, *every civil action*
> commenced against the United States shall be barred unless the complaint is filed
> within six years after the right of action first accrues. The action of any person
> under legal disability or beyond the seas at the time the claim accrues may be
> commenced within three years after the disability ceases.

---

[3]    Following remand to the district court, summary judgment was entered for EPA on the facial constitutional challenge. 362 F. Supp.2d 327 (D.D.C. 2005). A claim regarding the constitutionality of EPA's actions in administering the statute remains to be briefed and decided. *Id.* at 344. Jurisdictional questions regarding that claim, including whether sovereign immunity has been waived, remain to be decided.

[4]    Failure to bring a timely APA challenge after a rule is promulgated does not necessarily bar judicial review forever (unless so provided by statute). The D.C. Circuit has recognized that, unless precluded by statute, substantive challenges to agency action can be raised in challenges to the agency's application of the regulation. *NextWave Personal Communc'ns, Inc. v. FCC*, 254 F.3d 130, 141 (D.C. Cir. 2001) (citing *Indep. Cmty. Bankers of Am. v. Bd. of Governors of the Fed. Reserve Sys.*, 195 F.3d 28, 34 (D.C. Cir.1999)) (substantive challenges to a regulation can be asserted after the limitations period has expired when the regulation has been applied to the specific challenger), *aff'd,* 537 U.S. 293 (2003). In addition, under appropriate circumstances, a challenge to the substance of a rule can be pursued if an administrative petition for rulemaking to amend the regulation has been submitted and denied by the agency. *Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d at 152.

28 U.S.C. § 2401(a) (emphasis added). The D.C. Circuit has held that section 2401(a) is to be

applied in accord with its literal language. "'The law of this circuit is clear: the words 'every

civil action' mean what they say, and that this court's prior decisions 'clarify beyond dispute that

§ 2401(a) applies to all civil actions whether legal, equitable or mixed." *Mason v. Judges of U.S.*

*Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their*

*Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991) (quoting *Spannaus v. United States Dep't*

*of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). P & V fails to justify grafting an exemption for

substantive facial challenges onto the statutory language.

Moreover, a number of federal courts outside the D.C. Circuit have expressly applied

section 2401(a) to the same type of claim asserted by P & V: a substantive challenge to a federal

regulation. *See* EPA Mem. at 8 and cases cited therein. The D.C. Circuit and this Court have

applied section 2401(a) to other types of claims for judicial review of final agency action. *See id*.

at 7. Because P & V has failed to show any basis for ignoring the plain meaning of "every civil

action" in construing section 2401(a), the Court should hold that P & V's claim is subject to the

limitations period in section 2401(a).

P & V's argument to the contrary relies solely on an unpublished decision by this Court,

*Sweet Home Chapter of Communities for a Greater Oregon v. Lujan*, No. 91-1468 1992 U.S.

Dist. LEXIS 8044 (May 29, 1992) (Holloway Johnson, J.). *Sweet Home* did reach the conclusion

advocated by P & V, *id*. at * 2, but the result is not supported by the D.C. Circuit decisions relied

upon in the opinion.

*Sweet Home* cites to *Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152-53

(D.C. Cir. 1990), a petition for review of action by the Nuclear Regulatory Commission ("NRC")

where the court's jurisdiction was premised on either the Hobbs Act or the Nuclear Waste Policy

Act, which set deadlines of 60 and 180 days, respectively, for review of NRC action. *Id*. at 151. The NRC argued that, because the action had been taken several years before the petition for review was filed, the claim was time-barred. The court rejected this argument after finding that NRC had "reconsidered and reinstated its original policy" in acting on a rule issued less that 60 days before the petition for review was filed. The court concluded that because the NRC's reinstatement "necessarily raises the lawfulness of the original policy," the court had jurisdiction to review the original policy where Public Citizen timely petitioned for review of the reinstatement." The court explained:

> our holding is supported by this circuit's long-standing rule that although a statutory review period permanently limits the time within which a petitioner may claim that an agency action was procedurally defective, a claim that agency action was violative of statute may be raised outside a statutory limitations period, by filing a petition for amendment or rescission of the agency's regulations, and challenging the denial of that petition.

*Id*. at 152.[5] Accordingly, *Public Citizen* does not – as the court found in *Sweet Home*--establish a broad exemption for substantive challenges to regulations from established statutes of limitations. Instead, the decision at most stands only for the proposition that an agency action can be reviewed in a timely petition for review of subsequent agency action that reopens the issue either *sua sponte,* or in response to an administrative petition. *NRDC v. NRC*, 666 F.2d 595, 602 (D.C. Cir. 1981), also cited in *Sweet Home*, holds only that a party cannot reopen a procedural issue by asking the agency to reconsider its action and then petitioning for review of the denial of its request.

_____

[5]    Even an agency's decision denying a formal rulemaking petition does not always result in the reopening to judicial review of the rule at issue. *See National Mining Ass'n v. United States Dep't of Interior*, 70 F.3d 1345, 1352 (D.C. Cir. 1995).

Another case cited by *Sweet Home* is *NLRB Union v. Federal Labor Relations Authority*, which held that

> [a]s applied to rules and regulations, the statutory time limit restricting judicial review of [agency] action is applicable only to cut off review directly from the order promulgating a rule. It does not foreclose subsequent examination of a rule where properly brought before this court for review of further [agency] action applying it.

834 F.2d 191, 195-96 (D.C. Cir. 1987). Thus, *NLRB* also does not exempt substantive facial challenges from established limitations periods, but merely held that an agency's final action applying a regulation opens another period for review of the underlying substantive issues.

For these reasons, the cases that the district court in *Sweet Home* characterized as exempting substantive challenges to federal regulations from established statutes of limitations do not actually support that position. When read in context, the supporting case law provides at most that substantive challenges to a regulation can be raised in a timely challenge to a later agency action applying or reaffirming the agency's original rule. Contrary to *Sweet Home* and the arguments presented by P & V, the D.C. Circuit's decisions provide no basis for exempting P & V's challenge from the limitation period in 28 U.S.C. § 2401(a).

## IV.    THE CORPS DID NOT "REOPEN" THE 1986 REGULATION

Finally, P & V claims that the complaint is timely because the Corps "reconsidered and reiterated" the substance of the challenged regulation less than six years before the complaint was filed in an Advance Notice of Proposed Rulemaking. Opp. at 9-10 (citing *Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d at 150-53). In so doing, P & V unsuccessfully attempts to invoke the reopener doctrine, under which "'the period for seeking judicial review may be made to run anew when the agency in question *by some new promulgation* creates the opportunity for renewed comment and objection.'" *Edison Elec. Institute v. EPA,* 996 F.2d 326, 331 (D.C. Cir.

11

1993) (quoting *Ohio v. EPA,* 838 F.2d 1325, 1328 (D.C. Cir. 1988)) (emphasis added).  In *Public*

*Citizen*, the D.C. Circuit explained the evolution of this doctrine as follows:

> In several recent cases, this court has wrestled with the problem of whether an agency's restatement of an existing rule or policy *in a rulemaking format* makes the rule or policy challengeable anew, even where otherwise barred by a statutory time limit.  The court has held that where an agency's actions show that it has not merely republished an existing rule in order to propose minor changes to it, but has reconsidered the rule and decided to keep it in effect, challenges to the rule are in order.

*Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d at 150 (emphasis added).  The party

seeking to invoke the doctrine of reopener must show that the agency has "undertaken a serious,

substantive reconsideration of the [] rule."  *National Mining Ass'n v. United States Dep't of*

*Interior*, 70 F.3d at 1352.

P & V fails to meet this burden.  P & V relies on two documents:  (1) an "Advance Notice

of Proposed Rulemaking on the Clean Water Act Regulatory Definition of 'Waters of the United

States,'" 68 Fed. Reg. 1991 (Jan. 15, 2003) ("ANPR" or "Notice"); and (2) a press release by the

Corps and the United States Environmental Protection Agency dated December 16, 2003, wherein

the agencies stated that they would not conduct a rulemaking to revise the 1986 Regulation.

These documents, even when considered together, do not show that the Corps undertook a

"serious, substantive reconsideration" of the 1986 Regulation.

The ANPR was a broad and general solicitation of the public's views on issues related to

federal jurisdiction over isolated waters after the Supreme Court's decision in *Solid Waste Agency*

*of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159 (2001)

("*SWANCC*")[6]:  "The  agencies [the Corps and EPA] are seeking comment on issues related to

---

[6]    The *SWANCC* decision invalidated one specific aspect of a Corps interpretation of the 1986 Regulation, 33 C.F.R §328.3(a)(3) – the so-called "Migratory Bird Rule."  The 1986

(continued...)

the jurisdictional status of isolated waters under the CWA which the public wishes to call to our

attention." 68 Fed. Reg. at 1994.  There was no discussion of the rationale underlying 33 C.F.R.

§328.3(a)(3), no solicitation of comments on the rationale, and no proposed revision or

modification of regulatory language.

　　　　Furthermore, no proposed, or final,  rule to modify or to repromulgate the definition of

waters of the United States ever followed the ANPR.  Nor did the agencies ever address the

comments received in response to the ANPR, a fact that indicates a lack of  intent  to reexamine

the rationale for the existing regulation

　　　　Despite the complete absence of a final regulatory action by the Agencies readopting the

1986 rule, P&V points to a press release by EPA and the Corps.  That document, however, is not

like the type of regulatory decision-making that the courts have held can constitute a

reaffirmation of a prior regulation.  It contains no analysis of, nor response to, public comments.

Nor does it analyze the underlying rationale of the regulation or seek to address any substantive

issues.  Instead, the press release simply reiterates the Agencies' continued commitment to

wetlands protection and informed the public that the Agencies had decided not to pursue further

---

[6]/(...continued)
Regulation itself  defines "waters of the United States" to include certain isolated, intrastate non-navigable waters, "the use, degradation or destruction of which could affect interstate or foreign commerce, including "waters that are subject to use for recreation by interstate or foreign travelers, from which fish or shellfish could be sold in interstate commerce, or which could be used for industries in interstate commerce."  33 C.F.R § 328.3(a)(3).  The "Migratory Bird Rule" was an interpretation set forth in a preamble to a Federal Register notice and was not part of the regulation itself.  Thus, the Court in *SWANCC* did not invalidate the Corps regulation; rather it rejected the Corps' interpretation of the regulation as allowing the exercise of Clean Water Act jurisdiction over isolated intrastate non-navigable waters solely on the basis of the use of those waters by migratory birds. 531 U.S. at 174.

rulemaking proceedings.[7]   Far from the culmination of a substantive evaluation of the regulation, the press release reflected the Agencies' decision to forego such a re-evaluation.

Thus, the record fails to show that there was a serious, substantive reconsideration of the existing rule and its underlying principles as required by *National Mining* in order to reopen the limitations period for judicial review.  Contrary to P & V's suggestion, the press release is not a "reconfirmation" of the 1986 rule,  implying "repromulgation" of the rule.  Instead, the documents show only that the agencies wanted public input as to what should be addressed in a future rulemaking, if it was undertaken.  The press release simply announced that the agencies would not *initiate* a rulemaking.

The particular circumstances are akin to instances where the court has refused to deem that the agency has reopened existing rules.  For example, in *National Mining Ass'n v. United States Dep't of Interior*, the court held that the agency's action explaining its rationale for denying a petition to repeal an existing rule did not show that the agency had substantively reconsidered the rule.  70 F.3d at 1352.  The court contrasted the petition denial with an earlier notice in which the Department "explicitly requested comment on the repeal of the NOV rule (*as opposed to merely requesting comment on whether to open a rulemaking*) . . ."  *Id.* (emphasis added.).  *See also American Iron and Steel Institute v. EPA*, 886 F.2d 390, 398 (D.C. Cir. 1989)

---

[7]     While the press release states that the agencies had "reaffirmed federal jurisdiction over the majority of wetlands not impacted by the decision," that statement alone does not constitute the kind of action taken as a result of a deliberative administrative process that would qualify as a regulatory reconfirmation of the Corps' 1986 Regulation.  Read in context, the press release at most recited the agencies' policy of "no net loss" of wetlands following the *SWANCC* decision and expressed a commitment to "monitor implementation of this important program to ensure its effectiveness."  Under P & V's argument, any expression by an official that an agency remains committed to implementing well-established programs and policies that have long been in place would reopen the policy or program to new judicial review, thus enabling parties to constantly side-step statutes of limitations.

(proposed rule did not ask whether settled rule should be changed and "lacked any sustained attempt to reiterate the reasons it had offered" for the settled rule).

Further, the ANPR and press release are readily distinguished from those cases in which the reopener doctrine has been invoked. In those cases, the agencies had expressly taken comment on, *and responded to* those comments, on elements of pre-existing regulations. *Ohio v. EPA,* 838 F.2d at 1328, (finding that the Agency had "explained the unchanged but republished portion of the regulation in the notice of proposed rulemaking in general policy terms" and responded to comment "aimed directly at the issue" of the prior rule's requirement); *Bluewater Network v. EPA,* 370 F.3d 1(D.C. Cir. 2004) (agency received and commented on data in proposed rule directly related to prior rulemaking). The *Bluewater* court stated, "EPA's response to these comments clearly indicates that it actually reconsidered – and therefore reopened to challenge – its grouping decision for purposes" of the subsequent rulemaking." 370 F.3d at 17.

In sum, nothing in the D.C. Circuit case law supports the suggestion that an agency cannot seek public input on whether to begin a rulemaking to amend an existing rule without risking a facial challenge to a long-standing rule that would otherwise be time barred. A contrary result would leave the agencies unable to communicate with the public about existing regulations without reopening the possibility for litigation on old rules.

## CONCLUSION

For the reasons discussed herein, and in the Corps' opening memorandum of law, the Court should dismiss P & V's complaint.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

/s/ EILEEN T. McDONOUGH
Environmental Defense Section
United States Department of Justice
Post Office Box 23986
Washington, D.C.  20026-3986
telephone: (202) 514-3126
fax: (202) 514-8865
eileen.mcdonough@usdoj.gov

November 23, 2005