IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P & V ENTERPRISES, FRIENDLY VALLEY EQUESTRIAN CONDO VIEW HOMES, INC. and SCC ACQUISITIONS, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL CARL A. STROCK, COMMANDER AND CHIEF OF ENGINEERS,<br><br>　　　　Defendants. | Case No. 1:05CV01579 (RBW) |

### PLAINTIFFS' MOTION TO STRIKE AND MEMORANDUM IN SUPPORT

Plaintiffs hereby move to strike mischaracterizations made by the Defendants' in their November 23, 2005 reply brief of defendant Army Corps of Engineers' 2003 Advance Notice of Proposed Rulemaking on the Clean Water Act Definition of "Waters of the United States" (ANPR).

Plaintiffs' counsel has conferred with Defendants' counsel by telephone regarding the filing of this motion. Defendants have indicated that they do not consent.

**I.　　DEFENDANTS HAVE MISCHARACTERIZED THE ANPR**

In response to Defendants' motion to dismiss, Plaintiffs stated that the six-year statute of limitations in 28 U.S.C. § 2401(a) is not applicable to the kind of substantive facial challenge alleged in their complaint. *See* Pls.' Opp. at 4-7. In the alternative, Plaintiffs stated that if the statute of limitations were somehow to apply, the Corps had reconsidered and reaffirmed the

challenged regulations in the 2003 ANPR, thus resetting the clock running on the limitations period. *See* Pls.' Opp. at 9-13.

The Corps, however, contends in its reply that it did not undertake a "serious, substantive reconsideration" of the challenged regulations in part because there was purportedly "no discussion of the rationale underlying 33 C.F.R. § 328.3(a)(3)," and "no solicitation of comments on the rationale." Defs.' Reply at 12-13. This is simply not the case. As the ANPR explains, the rationale (or basis)[1] of the original regulations promulgated in 1986 – which includes § 328.3(a)(3) – was to define the scope of the statutory definition of "waters of the United States:"

> The jurisdictional scope of the CWA is "navigable waters," defined in the statute as "waters of the United States, including the territorial seas." CWA section 502(7), 33 U.S.C. 1362(7). The existing CWA section 404 regulations [*i.e.* § 328.3(a)(3)] define "waters of the United States" as follows:
>
> *       *       *
>
> (3) All other waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds, the use, degradation or destruction of which could affect interstate or foreign commerce including any such waters:
>
>> (i) which are or could be used by interstate or foreign travelers for recreational or other purposes; or
>>
>> (ii) from which fish or shellfish are or could be taken and sold in interstate or foreign commerce; or
>>
>> (iii) which are used or could be used for industrial purposes by industries in interstate commerce.

68 Fed. Reg. at 1993-94.

The Corps then explains in the ANPR that the Supreme Court's decision in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159 (2001) (SWANCC) "calls into question" the "rationales" listed in § 328(a)(3)(i)-(iii), and that the goal

---

[1] Webster's New Collegiate Dictionary defines "rationale" as the "fundamental reasons for something: Basis."

of the agencies "having not engaged in a review of the regulations with the public concerning CWA jurisdiction for some time" was to "ensure that the regulations are consistent with the CWA and the public understands what waters are subject to CWA jurisdiction:"

> The agencies have not engaged in a review of the regulations with the public concerning CWA jurisdiction for some time. This ANPRM will help ensure that the regulations are consistent with the CWA and the public understands what waters are subject to CWA jurisdiction and affording full protection to these waters through an appropriate focus of Federal and State resources consistent with the CWA. It is appropriate to review the regulations to ensure that they are consistent with the SWANCC decision. SWANCC eliminates CWA jurisdiction over isolated waters that are intrastate and non-navigable, where the sole basis for asserting CWA jurisdiction is the actual or potential use of the waters as habitat for migratory birds that cross States lines in their migrations. SWANCC also calls into question whether CWA jurisdiction over isolated, intrastate, non-navigable waters could now be predicated on the other factors listed in the "migratory Bird Rule" or the other **rationales** of 33 CFR 328(a)(3)(i)-(iii).

68 Fed. Reg. at 1993 (emphasis added).

The Corps is also wrong that comments were not solicited regarding the basis for the challenged regulations. In fact, the Corps specifically asked for comments regarding whether the factors listed in § 328.3(a)(3)(i)-(iii) provide a "basis for determining CWA jurisdiction over isolated, intrastate, non-navigable waters:"

> The agencies solicit comment from the public on the following issues:
> (1) Whether, and, if so, under what circumstances, the factors listed in 33 CFR 328.3(a)(3)(i)-(iii) (i.e., use of water by interstate or foreign travelers for recreational or other purposes, the presence of fish or shellfish that could be taken and sold in interstate commerce, the use of the water for industrial purposes by industries in interstate commerce) or any other factors provide a **basis** for determining CWA jurisdiction over isolated, intrastate, non-navigable waters?

68 Fed. Reg. at 1994 (emphasis added).

Further, it is misleading for the Corps to state that the agencies never addressed the comments received in response to the ANPR. *See* Defs.' Reply at 13. The Corps and EPA received approximately 130,000 comments in response to the ANPR. It was only "[a]fter

3

consideration of public comments received" on whether further regulatory clarification was needed that the Corps and EPA decided not to undertake a rulemaking, but to reaffirm the existing rule by preserving it:

> The comment period for the ANPRM closed on April 16, 2003. We received approximately 130,000 comments, including both individual letters and form letters. After consideration of public comments received on whether further regulatory clarification was needed, the EPA and the Corps have decided to not undertake a rulemaking but to preserve the federal government's authority to protect wetlands and other waters.

Background: Advance Notice of Proposed Rulemaking on the Clean Water Act definition of "Waters of the United States," http://www.epa.gov/owow/wetlands/guidance/SWANCC/anprm-bg.html (EPA web page discussing the agencies' decision not to undertake a rulemaking). Thus, the Corps "addressed" the public's concern by not promulgating a new rule and reaffirming the existing one.

The Corps' argument that the ANPR was not a "serious, substantive" reconsideration of the regulations is further belied by its own acknowledgement that the ANPR constituted a "significant regulatory action" because of the fact that it "raise[d] novel legal or policy issues." 68 Fed. Reg. at 1995. Moreover, an eight page notice in the Federal Register resulting in over 130,000 public comments resulting in the Corps' reaffirmation of the regulations certainly qualifies as "serious" and "substantive."

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court strike the Corps' mischaracterizations of the 2003 ANPR in its reply brief. Specifically, Plaintiffs request that the Court strike Defendants' assertions that the ANPR was not a "serious, substantive reconsideration," that "[t]here was no discussion of the rationale underlying 33 C.F.R.

4

§ 328.3(a)(3), [and] no solicitation of comments on the rationale," and that the "agencies [n]ever address[ed] the comments received in response to the ANPR."  Defs.' Reply at 12-13.

                                                      Respectfully submitted,

                                             /s/ *John A. Hodges*
                                            John A. Hodges (Bar No. 085506)
                                            Eric Andreas (Bar No. 462777)
                                            WILEY REIN & FIELDING LLP
                                            1776 K Street, N.W.
                                            Washington, D.C.  20006
                                            Telephone:  202-719-7000
                                            Facsimile:  202-719-7049

                                            ATTORNEYS FOR PLAINTIFFS
                                            P & V ENTERPRISES, FRIENDLY
                                            VALLEY EQUESTRIAN CONDO VIEW
                                            HOMES, INC. and SCC ACQUISITIONS, INC.

December 8, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing MOTION TO STRIKE AND MEMORANDUM IN SUPPORT was filed by Electronic Case Filing this 8th day of December, 2005.

/s/ *Eric Andreas*

IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

P & V ENTERPRISES, FRIENDLY VALLEY EQUESTRIAN CONDO VIEW HOMES, INC. and SCC ACQUISITIONS, INC.,

    Plaintiffs,

  v.

UNITED STATES ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL CARL A. STROCK, COMMANDER AND CHIEF OF ENGINEERS,

    Defendants.

Case No. 1:05CV01579 (RBW)

## **ORDER**

Plaintiffs' Motion to strike mischaracterizations made by the Defendants' in their November 23, 2005 reply brief of the 2003 Advance Notice of Proposed Rulemaking on the Clean Water Act Definition of "Waters of the United States" is hereby granted. Specifically, the Court strikes Defendants' assertions on pages 12 and 13 of its reply that the ANPR was not a "serious, substantive reconsideration" of the regulations challenged by the Plaintiffs, that "[t]here was no discussion of the rationale underlying 33 C.F.R. § 328.3(a)(3), [and] no solicitation of comments on the rationale," and that the "agencies [n]ever address[ed] the comments received in response to the ANPR."

    Executed this _____ day of _____, 200__.

_____
United States District Judge