IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P & V ENTERPRISES, FRIENDLY VALLEY EQUESTRIAN CONDO VIEW HOMES, INC., and SCC ACQUISITIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS and LT. GENERAL CARL S. STROCK, COMMANDER AND CHIEF OF ENGINEERS, <br><br> Defendants. | Case No.: 05-01579 (RBW) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs (jointly referred to as "P & V") have moved to strike alleged "mischaracterizations made by Defendants in their November 23, 2005 reply brief of defendant Army Corps of Engineers' 2003 Advance Notice of Proposed Rulemaking on the Clean Water Act Definition of 'Waters of the United States ["ANPR].'" Plaintiffs' Motion to Strike and Memorandum in Support, at 1 (Dec. 8, 2005) ("Pltf. Memo"). The motion should be denied because it is no more than a thinly-disguised effort to file a surreply not authorized by the Court. *See* Local Rule 7.

Moreover, the motion is simply unnecessary. It is hardly unusual for parties to disagree over how a Federal Register notice should be construed. Each party has had the opportunity to present its arguments on the ANPR, which was raised for the first time in P & V's memorandum in opposition to the Corps' motion to dismiss. The ANPR is the best evidence of its own contents. The Court will determine the import of the ANPR in the instant matter based on its

own reading of the document, as well as the arguments of counsel. The motion to strike is simply another round of argument on the same topic, which is not beneficial to the Court.

Finally, if the Court chooses to consider the substance of P & V's motion, the Court should conclude that P & V's assertions are wrong. The Corps' reply brief accurately describes the ANPR and its lack of relevance to the timeliness of P & V's challenge to a 19-year old regulation. The motion to strike is accordingly unfounded.

## ARGUMENT

### I.   P & V'S MOTION IS MORE ACCURATELY CHARACTERIZED AS AN UNAUTHORIZED SURREPLY

P & V does not cite any provision in the Federal Rules or any case law that authorizes a motion to strike a party's characterization of a Federal Register notice in a memorandum of law.[1] P & V's motion is essentially just another effort to persuade the Court that the Corps' motion to dismiss should not be granted. Deciding that motion will require the Court to decide which party's characterizations of the ANPR are accurate. P &V's motion to strike is thus no more than an effort to present additional argument opposing the Corps' motion to dismiss without obtaining permission to file a surreply as required by the Local Rules.

Even if P & V had requested leave to file a surreply, the arguments in the motion to strike do not constitute an allowable surreply. A surreply is appropriate only where the reply raises new arguments. *Stanford v. Potomac Elec. Power Co.*, 394 F. Supp. 2d 81, 86-87 (D.D.C.

---

[1]   Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own initiative or upon a timely motion. Defendant's reply memorandum is not a "pleading," *see* Fed. R. Civ. P. 7(a), and P & V does not even allege that the memorandum contains "redundant, immaterial, impertinent, or scandalous matter."

2005). The Corps' reply did not raise the ANPR for the first time; it was first raised by P & V itself in opposing the Corps' motion to dismiss. Thus, P & V had an adequate opportunity to present its position on the ANPR. It is not entitled to file a surreply to criticize the Corps' reply to P & V's opposition.

## II.     THE CORPS PROPERLY CHARACTERIZED THE ANPR

It is P & V, not the Corps, that has mischaracterized the ANPR. P & V argues that the ANPR "reopened" the limitations period for judicial review of 33 C.F.R. § 328.3(a), which was published in 1986. As previously explained by the Corps, the ANPR was a broad and general solicitation by the Corps and the United States Environmental Protection Agency of the public's views on issues related to federal jurisdiction over isolated waters after the Supreme Court's decision in *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159 (2001). Corps Reply at 12. The agencies later issued a news release informing the public that they had decided against undertaking any rulemaking to further address such federal jurisdiction. *Id*. at 13-14.

Contrary to P & V's suggestion that the agencies "reaffirmed" the prior rule,[2] the agencies did not undertake the steps that have been considered reopening a prior regulation, such as publishing a specific proposal for notice and comment, responding to the comments, reaching a final determination that the regulation should remain unchanged, and providing the explanation for its decision required by the APA. *See* Corps Reply at 11-14. Here the agencies chose to seek

---

[2] Despite reliance its reliance on the ANPR, P & V has never even alleged that the agencies' decision against undertaking a rulemaking was final agency action subject to judicial review under the APA or explained how any other form of agency action could reopen the review period for a final rule promulgated 14 years before the ANPR appeared.

input from the public on a broad range of topics related to federal jurisdiction over isolated waters, as well as eliciting information on the extent of isolated waters throughout the country, and on the effectiveness of other Federal and state water quality protection programs. 68 Fed. Reg. 1991, 1994 (Jan. 15, 2003). The agencies subsequently decided only a threshold question: whether to start a rulemaking to amend the 1986 Rule. In deciding against such an undertaking, the agencies effectively declined to even begin the administrative process that could have culminated in a final regulatory action capable of reopening the limitations period for judicial review of a facial challenge to the substance of the 1986 Rule. Thus, P & V's characterization of the ANPR as final action reaffirming the 1986 Rule is not accurate.

P & V's specific criticisms of the Corps' prior arguments lack merit. First, P & V complains that the Corps is wrong in stating that the ANPR does not explain the rationale behind the 1986 Rule because the ANPR explains that the purpose of the 1986 Rule is to define "waters of the United States." Pltf. Memo. at 2. P & V's suggestion that rationale for a rule can be presented by stating its purpose is mistaken. The rationale is the agency's explanation of its reasons for making the decisions it made, based on the administrative record, in promulgating a final rule. *See Missouri Public Service Comm'n v. FERC*, 337 F.3d 1066, 1070 (D.C. Cir. 2003). As the Corps correctly noted, the ANPR does not include an explanation of the Corps' reasons for adopting the 1986 Rule as promulgated.

Second, P & V claims the Corps is wrong is asserting that the ANPR did not solicit comments on the rationale for the 1986 Rule. P & V points to one of a series of questions in the ANPR soliciting comments on particular issues. One question is whether the specific factors used by section 328.3(a)(3)(i)-(iii) provide a "basis for determining CWA jurisdiction over

4

isolated intrastate, nonnavigable waters." 68 Fed. Reg. at 1994 (quoted in Pltf. Memo at 3). This inquiry is quite general, however; it is not a solicitation on the particular question of the continued validity of the rationale relied upon by the Corps in promulgating the rule in 1986.

Third, P & V claims the Corps is misleading the Court in stating that the agencies did not address the comments received in response to the ANPR. Pltf. Memo at 3. P & V considers the agencies' decision not to undertake a new rulemaking as addressing the comments. Once again, this reasoning is too simplistic. The APA requires that an agency must provide a substantive response to any significant comment before taking final action. *See City of Waukesha v. EPA*, 320 F.3d 228, 257-58 (D.C. Cir. 2003). The agencies never discussed the substance of the comments received in response to the ANPR and never answered any of these comments. Thus, the Corps was accurate in stating that the agencies did not address the comments. *See* Corps Reply at 15.

Finally, P & V asserts that the Corps' argument that the ANPR is not a serious, substantive reconsideration of the 1986 Rule "is further belied by its own acknowledgment that the ANPR constituted a 'significant regulatory action' because of the fact that it 'raise[d] novel legal or policy issues." Pltf. Memo at 4 (quoting 68 Fed. Reg. at 1995). P & V is quoting the section of the ANPR that discusses whether Executive Order No. 12866 requires submission of the ANPR to the Office of Management and Budget ("OMB") for review. The Executive Order requires OMB review of "significant regulatory actions," which, in relevant part, are defined as including "any action that is *likely* to result in a rule that *may* . . . . raise novel legal or policy issues arising out of legal mandates, the President's priorities, or the principles set forth in the Executive Order." 68 Fed. Reg. at 1995 (emphasis added). By its very terms, the Order requires

the agencies to speculate about what may happen in the future. When the ANPR was published, there was certainly the possibility that the agencies would undertake a rulemaking to consider modifying the 1986 Rule. This possibility, however, was not realized because the agencies decided against initiating rulemaking. Accordingly, the statements in the ANPR finding that the standard for OMB review was met have no bearing at all on the issue of whether the Agency took a reviewable final agency action involving a serious and substantive review of the 1986 Rule as required by the D.C. Circuit's decisions defining the doctrine of reopener. *See* Corps Memo at 12.

## CONCLUSION

For these reasons, P & V's motion to strike should be denied.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural
 Resources Division

/s/ Eileen T. McDonough
EILEEN T. MCDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126

December 23, 2005