IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
HOMES, INC. and SCC ACQUISITIONS,
INC.,

    Plaintiffs,

  v.

UNITED STATES ARMY CORPS OF
ENGINEERS and LIEUTENANT
GENERAL CARL A. STROCK,
COMMANDER AND CHIEF OF
ENGINEERS,

    Defendants.

Case No. 1:05CV01579 (RBW)

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE

On December 8, 2005, Plaintiffs moved to strike mischaracterizations that Defendants made in their reply brief in support of their motion to dismiss regarding the Army Corps of Engineers 2003 Advance Notice of Proposed Rulemaking on the Clean Water Act Definition of "Waters of the United States" (ANPR).

Plaintiffs requested that the Court strike statements made by Defendants that the ANPR was not a "serious, substantive reconsideration," that "[t]here was no discussion of the rationale underlying 33 C.F.R. § 328.3(a)(3), [and] no solicitation of comments on the rationale," and that the "agencies [n]ever address[ed] the comments received in response to the ANPR." Pls.' Mot. to Strike at 4-5.

In their opposition, Defendants have failed to justify their initial mischaracterizations of the ANPR, and instead continue to mischaracterize the ANPR, the effect of the Corps' decision reaffirming the challenged regulations, and the law regarding the reopener doctrine.

I.     **PLAINTIFFS' PROPERLY FILED A MOTION TO STRIKE**

Motions to strike are not limited solely to pleadings listed under Rule 7(a) as Defendants contend, but have been used in this Court against opposing briefs and memoranda. *See e.g., Cobell v. Norton*, 213 F.R.D. 16, n.1 (D.D.C. 2003) (motion to strike reply brief granted). There are also instances in the district courts where motions to strike, like here, have been filed seeking to strike mischaracterizations made by opposing counsel regarding certain documents. *See e.g., ISCO Int'l, Inc. v. Conductus, Inc*., 279 F. Supp. 2d 489, 511 (D. Del. 2003) (motion to strike part of reply brief mischaracterizing exhibit considered by court, but denied as moot because jury could have reached decision absent challenged exhibit).

II.     **DEFENDANTS CONTINUE TO MISCHARACTERIZE THE ANPR, THE DECISION REAFFIRMING THE REGULATIONS, AND THE REOPENER DOCTRINE**

In their opposition to Plaintiffs' Motion to Strike, Defendants again mischaracterize the ANPR. They go so far now as to allege that by deciding not to promulgate a rule amending the definition of "waters of the United States," the Corps had "declined *to even begin* the administrative process." Pls.' Opp. Mot. Strike at 4 (emphasis added).

This argument directly contradicts the Corps' stated "goal" of the agencies in issuing the ANPR, which was to "develop proposed regulations that will further the public interest by clarifying what waters are subject to CWA jurisdiction." 68 Fed. Reg. 1991 (Jan. 15, 2003).

It also defies the definition of a "regulatory action" in Executive Order No. 12866. *See* 58 Fed. Reg. 51735 (order required Corps to submit the ANPR to the Office of Management and Budget for review). Section 3(e) of Order 12866 defines a regulatory action to include "any substantive action by an agency (normally published in the Federal Register) that promulgates or is expected to lead to the promulgation of a final rule or regulation, including notices of inquiry, *advance notices of proposed rulemaking*, and notices of proposed rulemaking." *Id*. (emphasis

added).  Thus, the ANPR was a substantive action by the Corps that was "expected" to lead to the promulgation of a final rule or regulation, and is considered on an equal level with a notice of proposed rulemaking.

Defendants also mischaracterize their decision not to issue a final rule and to maintain the existing regulatory structure as not amounting to a "final agency action" subject to "judicial review."  Defs.' Opp. Mot. Strike at 4.  "Courts reviewing agency determinations to preserve existing regulations have routinely found that such determinations may be subject to review." *New York v. U.S. EPA*, 350 F. Supp. 2d 429, 435 (S.D.N.Y. 2004).  Even more on point, the D.C. Circuit has held that an agency's decision to withdraw an ANPR was sufficient to grant the court jurisdiction.  *See Center for Auto Safety v. Nat'l highway Traffic Safety Admin.*, 710 F.2d 842, 846 (D.C. Cir. 1983) (in withdrawing ANPR, court found that agency had "prescribed a rule sufficient to grant . . . jurisdiction").

It is also misleading for Defendants to allege that the reopener doctrine only applies to situations where there has been "a specific proposal for notice and comment, responding to the comments, reaching a final determination that the regulation should remain unchanged, and providing the explanation for its decision required by the APA."  Defs.' Opp. Mot. Strike at 3.

In *Public Citizen v. Nuclear Regulatory Comm.*, 901 F.2d 147 (D.C. Cir. 1990) – upon which Plaintiffs relied in their opposition to Defendants' motion to dismiss – this was clearly not the case.  The D.C. Circuit held in *Public Citizen* that the Nuclear Regulatory Commission (NRC) had "reopened" its earlier policy statement not to issue regulations regarding the training of powerplant personnel by republishing substantially the same policy three years later without soliciting comments – and thus obviously not responding to comments.  *See id* at 151-52; *see also* 53 Fed. Reg. 46603 (Nov. 18, 1988); 50 Fed. Reg. 11147 (March 20, 1985).  Furthermore,

3

the NRC provided no explanation for its decision not to issue regulations beyond concluding that the earlier policy was effective.  *See* 53 Fed. Reg. 46603 ("Based on staff's evaluation . . . the NRC concludes that the [policy] is effective. . ."). Such conclusory statements do not suffice as an explanation of decision making under the APA.  *See AT&T Corp. v. FCC*, 236 F.3d 729, 737 (D.C. Cir. 2000).

Thus, as shown by example in *Public Citizen*, it is not necessary that an agency solicit or respond to comments, or "provid[e] the explanation for its decision required by the APA" for the reopener doctrine to apply.  Defs.' Opp. Mot. Strike at 3.  Defendants are simply wrong in their reading of the reopener doctrine.

Finally, Defendants argue that the request in the ANPR for comments regarding whether the challenged regulations at 33 C.F.R. § 328.3(a)(i)-(iii) provide a basis for determining CWA jurisdiction is too "general" and "not a solicitation on the particular question of the continued validity of the rationale relied on by the Corps in promulgating the rule in 1986."  Defs.' Opp. Mot. Strike at 5.  This argument defies reason.  There is no other logical purpose for the Corps to have asked for such comment, nor do Defendants provide any alternative reasoning.  Further, it is inconceivable that the Corps could have been any more specific in its request for comment given that it expressly cited the regulation down to the very last subsections:

> Whether, and, if so, under what circumstances, the factors listed in **33 CFR 328.3(a)(3)(i)–(iii)** (i.e., use of the water by interstate or foreign travelers for recreational or other purposes, the presence of fish or shellfish that could be taken and sold in interstate commerce, the use of the water for industrial purposes by industries in interstate commerce) or any other factors provide a basis for determining CWA jurisdiction over isolated, intrastate, non-navigable waters?

68 Fed. Reg. at 1994 (emphasis added). Moreover, of the 3,382 comments that are available to review online (out of the 130,000 that were submitted) the vast majority address this particular question.[1]

### III. CONCLUSION

For the reasons stated herein, and in Plaintiffs' memorandum in support of their motion to strike, Plaintiffs' motion to strike the mischaracterizations made by Defendants regarding the ANPR should be granted.

Respectfully submitted,

/s/ *John A. Hodges*
John A. Hodges (Bar No. 085506)
Eric Andreas (Bar No. 462777)
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: 202-719-7000
Facsimile: 202-719-7049

January 3, 2006

---

[1] *See* http://www.regulations.gov/fdmspublic-rel11/component/main (search for docket OW-2002-0500).

5