UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P & V ENTERPRISES, FRIENDLY VALLEY EQUESTRIAN CONDO VIEW HOMES, INC., and SCC ACQUISITIONS, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL CARL A. STROCK, COMMANDER AND CHIEF OF ENGINEERS, )<br><br>Defendants. ) | ) Civil No.: 05-01579 (RBW) |

## ANSWER OF DEFENDANTS-INTERVENORS

Defendants-Intervenors National Wildlife Federation and Sierra Club, by and through their undersigned counsel of record, file this Answer.

### JURISDICTION AND VENUE

1.      The allegations of Paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations of Paragraph 1 are denied.

2.      The allegations of Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations of Paragraph 2 are denied.

### THE PARTIES

3.      Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 3 and therefore they are denied.

4.      Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 4 and therefore they are denied.

5.      Admitted.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P & V ENTERPRISES, FRIENDLY VALLEY EQUESTRIAN )
CONDO VIEW HOMES, INC., and SCC ACQUISITIONS, )

    Plaintiffs,

    v.

UNITED STATES ARMY CORPS OF ENGINEERS and
LIEUTENANT GENERAL CARL A. STROCK, COMMANDER
AND CHIEF OF ENGINEERS,

    Defendants.

) Civil No.: 05-01579 (RBW)

## ANSWER OF DEFENDANTS-INTERVENORS

Defendants-Intervenors National Wildlife Federation and Sierra Club, by and through their undersigned counsel of record, file this Answer.

### JURISDICTION AND VENUE

1.    The allegations of Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 1 are denied.

2.    The allegations of Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 2 are denied.

### THE PARTIES

3.    Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 3 and therefore they are denied.

4.    Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 4 and therefore they are denied.

5.    Admitted.

6.    Admitted.

## BACKGROUND

### The Statutory and Regulatory Scheme

7.    Admitted.

8.    Admitted.

9.    Defendants-Intervenors admit that the Corps' regulations at 33 C.F.R. § 328.3(a)(3) are accurately reproduced in Paragraph 9. The remainder of the allegations of Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 9 are denied.

10.    Admitted.

11.    The allegations of Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 11 are denied.

12.    Admitted.

13.    Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 13 and therefore they are denied.

14.    Admitted.

15.    The final sentence of Paragraph 15 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 9 are denied. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the remainder of the allegations in Paragraph 15 and therefore they are denied.

### The Mojave River

2

16.    Defendants-Intervenors deny that the Mojave River is "isolated" or "non-navigable." Defendants-Intervenors admit the remainder of the allegations contained in Paragraph 16.

17.    Defendants-Intervenors deny the first sentence of Paragraph 17. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the remainder of the allegations in Paragraph 17 and therefore they are denied.

18.    Defendants-Intervenors admit that the Mojave River consists of areas with perennial, intermittent, underground and ephemeral flow and flows into Soda Lake. Defendants-Intervenors deny the remainder of the allegations in Paragraph 18.

19.    Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 19 and therefore they are denied.

20.    Defendants-Intervenors deny that the Mojave River is non-navigable for all watercraft and that no recreational boating occurs in the River. Defendants-Intervenors admit that recreational boating occurs on two lakes in the town of Victorville. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 20 and therefore they are denied.

21.    Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 21 and therefore they are denied.

22.    Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 22 and therefore they are denied.

### The Corps' Assertion of Jurisdiction Over the Mojave River

23.    Defendants-Intervenors admit that the Corps and EPA published a joint memorandum in the Federal Register following the *SWANCC* decision. Defendants-Intervenors

3

deny the last sentence of Paragraph 23. The remainder of Paragraph 23 constitutes legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 23 are denied.

24. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 24 and therefore they are denied.

25. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 25 and therefore they are denied.

26. Defendants-Intervenors admit that the JD Fact Sheet states that the Supreme Court in *SWANCC* did not strike down 33 C.F.R. § 328.3(a)(3) and that "[b]ased on HQ guidance, the Corps still regulates isolated, non-navigable, intrastate, water bodies that have a significant federal interstate commerce nexus that do not rely on migratory bird use as the sole basis." Defendants-Intervenors have insufficient information and knowledge to form a belief as to all other allegations in Paragraph 26 and therefore they are denied.

27. Defendants-Intervenors admit that the JD Fact Sheet contains commentary on the three commerce nexus' listed in Paragraph 27 and their potential application to the Mojave River. To the extent Paragraph 27 contains other allegations, they are denied.

28. Defendants-Intervenors deny the first and last sentences of Paragraph 28. The allegation contained in the second to last sentence of Paragraph 28 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation contained in the second to last sentence of Paragraph 28 is denied. Defendants-Intervenors admit that the JD Fact Sheet lists picnicking, fishing, hiking, camping and illegal off-road vehicle use as recreational activities in the Mojave River and on associated waters. Defendants-Intervenors

4

have insufficient information and knowledge to form a belief as to the remainder of the allegations in Paragraph 28 and therefore they are denied

29.     Defendants-Intervenors admit that the JD Fact Sheet states that there is boating on Silverwood Lake and that the Mojave River is not tributary to Silverwood Lake. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations contained in the remainder of the first sentence of Paragraph 29 and therefore they are denied. The allegations contained in the second and third sentences of Paragraph 29 constitute legal conclusions to which no response is required.   To the extent a response is required, the allegations contained in the second and third sentences of Paragraph 29 are denied. Defendants-Intervenors admit that the JD Fact Sheet quotations are accurately reproduced in the fourth and fifth sentences of Paragraph 29.   To the extent the fourth and fifth sentences contain other allegations, they are denied.

30.     Defendants-Intervenors admit that the JD Fact Sheet quotation in the first sentence of Paragraph 30 is accurately reproduced and that the JD Fact Sheet notes that a fish hatchery operated by the California Dep't of Fish and Game is non-commercial and does not divert flows from the river.   Defendants-Intervenors have insufficient information and knowledge to form a belief as to the remainder of the allegations in Paragraph 30 and therefore they are denied.

31.     The first sentence of Paragraph 31 constitutes a legal conclusion to which no response is required.   To the extent a response is required, the allegations in this sentence are denied. Defendants-Intervenors admit that the JD Fact Sheet states that there are "no current surface water diversions on the river" and that the fish hatchery, Victor Valley Wastewater Treatment Plant, and Mojave Water Agency would not qualify as industrial operations.

Defendants-Intervenors have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 31 and therefore they are denied.

32.     Defendants-Intervenors admit that the JD Fact Sheet quotation is accurately reproduced. To the extent Paragraph 32 contains other allegations, they are denied.

33.     The allegations contained in Paragraph 33 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 33 are denied.

34.     Defendants-Intervenors have insufficient information and knowledge to form a belief as to the allegations in Paragraph 34 and therefore they are denied.

## CLAIM FOR RELIEF

35.     Defendants-Intervenors reallege and incorporate by reference the responses to Paragraphs 1 through 34.

36.     Admitted.

37.     The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 37 are denied.

38.     The allegations contained in Paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 38 are denied.

39.     The allegations contained in Paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 39 are denied.

40.    The allegations contained in Paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 40 are denied.

41.    The allegations contained in Paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 41 are denied.

42.    Defendants-Intervenors deny that 33 C.F.R. § 328(a)(3) is facially invalid. Defendants-Intervenors have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 42 and therefore they are denied.

43.    The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the Paragraph 43 are denied.

**Prayer for Relief**

WHEREFORE, Defendants-Intervenors respectfully request the Court to deny Plaintiffs' claims and all relief requested.

Respectfully submitted, this 31st day of May, 2006.

By: _____

John Kostyack
D.C. Bar No.: 415484
National Wildlife Federation
1400 16th Street, N.W.
Suite 501
Washington, D.C. 20036
(202) 797-6879
(202) 797-6626 (fax)

_____

James G. Murphy
Vermont Bar No.: 000628938
National Wildlife Federation
58 State Street
Montpelier, VT 05062
(802) 229-0650
(802) 229-4532

Attorneys for National Wildlife
Federation, and Sierra Club

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of Defendants-Intervenors National Wildlife Federation and Sierra Club was mailed, postage pre-paid, to the following on the 31st day of May, 2006:

John Andrews Hodges
Eric S. Andreas
WILEY, REIN & FIELDING, LLP
1776 K Street, NW
Washington, DC  20006-2304

Attorneys for Plaintiffs

Kelly A. Johnson
Acting Assistant Attorney General,
Environment and Natural Resources Division
Eileen T. McDonough
U.S. DEPARTMENT OF JUSTICE
ENVIRONMENTAL DEFENSE SECTION
P.O. Box 23986
L'Enfant Plaza Station
Washington, D.C.  20026

Attorneys for Defendants

John Kostyack