IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
HOMES, INC. and SCC ACQUISITIONS,
INC.,

        Plaintiffs,

  v.

UNITED STATES ARMY CORPS OF
ENGINEERS and LIEUTENANT
GENERAL CARL A. STROCK,
COMMANDER AND CHIEF OF
ENGINEERS,

        Defendants.

Case No. 1:05CV01579 (RBW)

## PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE BY THE NATIONAL WILDLIFE FEDERATION AND SIERRA CLUB

### INTRODUCTION

The National Wildlife Federation ("NWF") and Sierra Club (collectively "Movants")

served Plaintiffs with a motion to intervene by mail on May 31, 2006, and filed the same

electronically with the Court on June 5, 2006.  (Docket No. 20.)  Movants seek to intervene

under Fed. R. Civ. P. 24(a) as of right, and in the alternative seek permissive intervention under

Rule 24(b).[1]  The motion to intervene should be denied for several reasons.

First, the motion violates Local Rule 7.  Second, Movants do not meet the requirements

for intervention as of right because they lack an adequate interest, their claims of injury are

speculative, they lack standing, and they have filed on an untimely basis.  Third, Movants do not

---

[1] Movants also state that they "do not seek to brief the motions that have been put before the court prior to this motion."  Thus, if -- despite Plaintiffs' opposition -- the Court were to grant intervention, it is Plaintiffs' understanding that it would be on a going-forward basis only and not include involvement relating to such prior motions.

meet the requirements for permissive intervention because they have not alleged an independent ground for subject matter jurisdiction and have filed on an untimely basis.

## ARGUMENT

### I.    THE MOTION TO INTERVENE VIOLATES LOCAL RULE 7

NWF and Sierra Club's motion to intervene is fatally flawed because the motion violates Local Rule 7.

Rule 7(m) requires Movants' counsel to have contacted Plaintiffs' counsel before filing the motion to intervene, made a goodfaith effort to determine whether there was any opposition, and make a statement in the motion itself that the required discussion occurred and whether the motion is opposed.[2]  Movants have also violated Local Rule 7(c) by not filing a proposed order with the Motion to Intervene.  Judge Walton's General Order and Guidelines for Civil Cases (at ¶ 3) states that "Any motion . . . that does not comply with Local Civil Rule 7 . . . will be *sua sponte* denied."  *Available at* http://www.dcd.uscourts.gov/rbw-general-civil-order.pdf.

Because motions to intervene are nondispositive, Local Rule 7 applies.  *See United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, CIV.A.NO. 04-1616, 2006 U.S. Dist. LEXIS 29625, at *18-19 (D.D.C. May 17, 2006) (citation omitted) (noting that motion is dispositive when it would result in the determination of a claim or its elimination from the case). Therefore, the motion must be denied.  *See* Judge Walton's General Order and Guidelines for Civil Cases ¶ 3; *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 93 F. Supp. 2d 1, 12

---

[2] The full text of Rule 7(m) is as follows:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.  A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

(D.D.C. 2000) (court considered failure to comply with Rule 7(m) as ground to deny nondispositive motion to strike); *Grunley Constr.*, 2006 U.S. Dist. LEXIS 29625, at *18 (denying motion for discovery sanctions under now Local Rule 7(m)).

## II.    MOVANTS DO NOT MEET THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT

### A.    Movants do not have an interest in the litigation, their claims of injury are speculative, and they lack standing.

Under Fed. R. Civ. P. 24(a), a movant to intervene must demonstrate the following: (1) that the motion is timely; (2) that he has an interest in the action; (3) that his interest will be impaired or impeded as a result of the action; and (4) that his interest in not adequately represented by existing parties. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). A party seeking to intervene as of right under Rule 24(a), whether as a plaintiff or defendant, must also demonstrate standing. *See id.* at 731-32 (intervenor-defendant required to demonstrate standing); *see also Envtl. Def. v. Leavitt,* 329 F. Supp. 2d 55, 66, 68 (D.D.C. 2004) (motion to intervene denied because intervenor-defendant failed to demonstrate sufficient injury for standing or impairment of interest). Movants do not meet these requirements.

Movants basically allege standing based on declarations by three of their members, and these relate to Movants' claim of interest. (Mot. Intervene at 10.) The three members (Carol Wiley, Thomas Egan, and Estelle Delgado) allege that they have aesthetic and recreational interests associated with the Mojave River that would be harmed if it were not subject to the Corps' jurisdiction. (Wiley Decl. ¶¶ 4, 7, 10, 11; Egan Decl. ¶¶ 5, 6, 9, 10; Delgado Decl. ¶¶ 5, 7, 8, 11, 12, 13.)[3] However, because California state waters are highly regulated under California state law, the injuries alleged by Movants' three members are wholly speculative.

---

[3] The declarations of Robin Mann and Julie Sibbing allege generally that vacating the Corps' rule would "substantially interfere" with the mission of their organizations and would "hamper"

Because existing California law safeguards Movants' members' alleged aesthetic and recreational interests, the risk of any injury to those interests resulting from vacating the challenged rule is purely speculative and therefore trivial. Because Movants' risk of injury is purely speculative and trivial, they have also failed to demonstrate that their alleged interests will be impaired.[4] As a result, Movants do not have an interest in the litigation. Their long delay in filing this motion is further evidence of their lack of interest and the speculative nature of the injury. And they lack standing. *See e.g., Envtl. Def.*, 329 F. Supp. 2d at 68-69 ("pure speculation" insufficient to meet injury requirement for standing or to show impairment of interest under Rule 24(a)); *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 947 (7th Cir. 2000) (pure speculation does not give rise to legally protectible interest under Rule 24(a)).

For example, the Mojave River -- which is located entirely within the county of San Bernardino, California (Compl. ¶ 3, Docket No. 1) -- is already subject to comprehensive regulation under the California's Porter-Cologne Water Quality Control Act ("Porter-Cologne Act"). *See* Cal. Water Code §§ 13000-14958. The Porter-Cologne Act established the State Water Resources Control Board and authorized it to formulate, adopt, and revise water quality objectives, principles, and guidelines for waters of the state.[5] *See* Cal. Water Code §§ 13140-43.

---

and or "interfere" with their members' use and enjoyment of waters presently regulated by the rule. (Mann Decl. ¶ 8; Sibbing Decl. ¶ 8.) Such "[b]are allegations," however, are insufficient to confer standing. *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002).

[4] Although Movants' members express concerns regarding threatened and endangered species (Egan Decl. ¶ 4, Delgado Decl. ¶ 11), protection for such species and their habitat would continue to be protected both under the Federal and California Endangered Species Acts. *See* 16 U.S.C. §§ 1531-44; Cal. Fish and Game Code §§ 2050-2097. Moreover, Movants are not automatically conferred standing because they "submitted detailed comments to the 2003 Advanced Notice of Proposed Rulemaking." (Mot. Intervene at 11.) Any member of the public is allowed to submit comments to a proposed rule. *See Capital Legal Found. v. Commodity Credit Corp.*, 711 F.2d 253, 260 n.16 (D.C. Cir. 1983).

[5] "Waters of the state" are defined to mean "any surface water or groundwater, including saline waters, within the boundaries of the state." Cal. Water Code § 13050(e). This has been

It also established nine Regional Water Quality Control Boards.  *See id.* § 13200.  The Mojave River and its basin are regulated by the Lahontan Regional Board.  *See id.* § 13200(h).  Regional Boards are responsible for developing comprehensive water quality control plans (known as "Basin Plans") for their regions that must take into account the "past, present, and probable future beneficial uses of water."  *See id.* §§ 13240, 1341(a).

The Basin Plan for the Lahontan Region is nearly 500 pages.  *See* California Regional Water Quality Control Board, Lahontan Region, Water Quality Control Plan for the Lahontan Region ("Basin Plan") (*available at* http://www.swrcb.ca.gov/lahontan/BPlan/Bplan.pdf).   It establishes stringent water quality objectives,[6] and regulates the following activities: (1) waste discharge, (2) spills and leaks, (3) storm water runoff, erosion and sedimentation, (4) municipal and domestic wastewater, (5) solid and liquid waste disposal to land, (6) groundwater, (7) mining, industry, and energy production, (8) land development,[7] (9) resources management and restoration, (10) recreation, and (11) military installations.  *See* Basin Plan Ch. 4.

---

interpreted to include wetlands:

> The Porter-Cologne Water Quality Control Act (CA Water Code § 13050[e]) defines "waters of the State" to be "any water, surface or underground, including saline waters, within the boundaries of the State." Thus, wetlands are both waters of the State and waters of the United States. Therefore, provisions of the California Water Code apply. These provisions include protection of beneficial uses and water quality.

Basin Plan at 4.9-9.

[6] Water quality objectives are defined as "limits or levels of water quality constituents or characteristics which are established for the reasonable protection of beneficial uses of water or the prevention of nuisance within a specific area."  Cal. Water Code § 13050(h).

[7] The members' concerns regarding "development" (Wiley Decl. ¶ 9; Egan Decl. ¶ 9; Delgado Decl. ¶¶ 11-12) are directly regulated by the Basin Plan:

> The Regional Board regulates the construction of subdivisions, commercial developments, industrial developments, and roadways based upon the level of threat to water quality.

Basin Plan at 4.8-1.

Movants argue that "an intervenor need not show standing to intervene as a defendant." (Mot. Intervene at 8.)  This statement is based on an over-zealous reading of the D.C. Circuit's decision in *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003), *cert. denied*, 542 U.S. 915 (2004).  In *Roeder*, the court did not establish a rule that intervenor-defendants are not required to show standing.  Instead, the court noted that the question may be "purely academic" because another court had observed that "any person who satisfies Rule 24(a) will also meet Article III's standing requirement."  *Id.*  And, this is very different case from *Roeder*, where the Court found that intervenor United States established a strong case for standing since it had "established that it was in imminent danger of suffering injury in fact -- a breach of its obligations under the [Algiers] Accords."  *Id.* at 233-34.  The speculative injuries involved in the case at bar by no means rise to the level demonstrated in *Roeder*.

It also bears note that this Court recently remarked that a person who satisfies the constitutional standing requirement fulfills only the interest requirement under Rule 24(a).  *Envtl. Def.*, 329 F. Supp. 2d at 66 n.7.

In any event, Movants argue that they meet the interest requirement for intervention precisely "because they have standing."  (Mot. Intervene at 9.)  Thus, Movants concede that standing is the test for determining whether they have an interest in the action that may be impaired.

For NWF and Sierra Club to have standing they "must establish that at least one of [their] members has standing in his own right."  *NRDC v. EPA*, 440 F.3d 476, 480 (D.C. Cir. 2006) (citing *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002)).  "For that member, the 'irreducible constitutional minimum' is injury-in-fact, causation, and redressability."  *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In the D.C. Circuit, it is "well established" that any alleged injury be "substantially probable" to satisfy standing. *NRDC*, 440 F.3d at 483; *see also Sierra Club v. EPA*, 292 F.3d 895, 898-99, 902 (D.C. Cir. 2002); *API v. EPA*, 216 F.3d 50, 63-64, 67 (D.C. Cir. 2000). The Circuit Court has defined a "substantial probability" to mean "at least . . . a 'non-trivial' chance of injury." *NRDC*, 440 F.3d at 483 (citations omitted). A "sincere, vigorous" interest in the challenged rule does not suffice. *See Shipbuilders Council of Am. v. United States*, 868 F.2d 452, 457 (D.C. Cir. 1989). Further, "[i]n the case of broad rulemaking, a court may not assume that the areas used and enjoyed by a prospective plaintiff will suffer all or any environmental consequences that the rule itself may cause." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 667 (D.C. Cir. 1996). As discussed above, Movants do not meet these criteria.

**B.    The motion to intervene is untimely.**

Rule 24(a) requires that a motion to intervene be "[u]pon timely application." Fed. R. Civ. P. 24(a). Regarding timeliness of the intervention motion, "[t]imeliness is to be determined from all the circumstances . . . by the court in the exercise of its sound discretion." *NAACP v. New York,* 413 U.S. 345, 365-66 (1973). One of the factors that courts consider in determining timeliness is the "length of time the intervenor knew or should have known of its interest in the case." *United States v. Caterpillar, Inc.*, CIV.A.NO. 98-2544, 2546, 2548, 2002 U.S. Dist. LEXIS 468, at *20 (D.D.C. Jan. 17, 2002).

Because Movants do not disclose when they became aware of the case, we must assume given their experience that it occurred shortly after the complaint was file in August 2005. Thus, Movants have waited for approximately ten months before seeking to intervene. As such their motion is untimely and should be denied. If Movants "wanted to participate in the litigation, [they] should have moved to intervene when the suit was filed, or shortly thereafter." *Sokaogon Chippewa Cmty.*, 214 F.3d at 948.

And, as stated above, the long delay in moving to intervene is evidence of Movants' lack of interest in the litigation and the speculative nature of the alleged injury.

## III. MOVANTS DO NOT MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

To be granted permissive intervention in this case, Movants must present "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Envtl. Def.*, 329 F. Supp. 2d at 66. Moreover, a court must determine whether the proposed intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Movants fail to meet this standard because, *inter alia*, they have not alleged an independent ground for subject matter jurisdiction. *See e.g., Envtl. Def.*, 329 F. Supp. 2d at 69 (denying permissive intervention because plaintiff failed to provide independent ground for subject matter jurisdiction). Movants allege only that their motion is timely, that the arguments they intend to raise "share common questions of law and fact" with those of Plaintiffs and Defendants, and that their "substantial interest and experience" would provide the Court with a "perspective" that it would otherwise not hear. (Mot. Intervene at 18-19.)

Nowhere do Movants allege a basis for subject matter jurisdiction. Defendants, however, on whose side Movants seek to intervene, have filed a motion to dismiss for *lack* of subject matter jurisdiction alleging that Plaintiffs failed to cite a waiver of sovereign immunity and that the complaint is beyond the six-year statute of limitations. *See* Defs. Mot. Dismiss at 1-2 (Docket No. 7). Therefore, unless Movants are willing to support a basis for subject matter jurisdiction in this case, permissive intervention should be denied on this basis alone.

Movants' request for permissive intervention should also be denied because they lack standing. While there is some question whether standing is a requirement for permissive intervention (*see Envtl. Def.*, 329 F. Supp. 2d at 69), given the Movants' failure to show more than a trivial risk of injury, it would be prejudicial to Plaintiffs to burden them with Movants' unwarranted participation as parties. Moreover, permissive intervention should also be denied, as in the case with intervention as of right, because the motion to intervene is untimely.

## CONCLUSION

Because NWF and Sierra Club have violated Local Rule 7 and have not meet the requirements for intervention as of right or permissive intervention, their motion to intervene should be denied.

Respectfully submitted,

 /s/ *John A. Hodges*
John A. Hodges (Bar No. 085506)
Eric Andreas (Bar No. 462777)
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: 202-719-7000
Facsimile: 202-719-7049

ATTORNEYS FOR PLAINTIFFS
P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
HOMES, INC. and SCC ACQUISITIONS, INC.

June 15, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing OPPOSITION TO MOTION TO INTERVENE BY THE NATIONAL WILDLIFE FEDERATION AND SIERRA CLUB and PROPOSED ORDER was filed and served by Electronic Case Filing this 15th day of June, 2006.

/s/ *Eric Andreas*

IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

P & V ENTERPRISES, FRIENDLY
VALLEY EQUESTRIAN CONDO VIEW
HOMES, INC. and SCC ACQUISITIONS,
INC.,

            Plaintiffs,

    v.                                 Case No. 1:05CV01579 (RBW)

UNITED STATES ARMY CORPS OF
ENGINEERS and LIEUTENANT
GENERAL CARL A. STROCK,
COMMANDER AND CHIEF OF
ENGINEERS,

            Defendants.

## PROPOSED ORDER

Upon consideration of the National Wildlife Federation and Sierra Club's Motion to

Intervene, and Plaintiffs' Opposition thereto, it is hereby

ORDERED that the motion to intervene is DENIED.

Executed this _____ day of _____, 2006.

_____
Reggie B. Walton
United States District Judge

Names and Addresses of Attorneys Entitled
to Notice Upon Entry (pursuant to Local Rule 7(k))

John Kostyack
National Wildlife Federation
1400 16th Street, N.W.
Suite 501
Washington, D.C. 20036

James Murphy
National Wildlife Federation
58 State Street
Montpelier, VT 05602

Kelly A. Johnson
Acting Assistant Attorney General,
Environment and Natural Resources
Division
Eileen T. McDonough
U.S. Dept. of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026